PEOPLE v ROBERSON

1. ARREST—PROBABLE CAUSE—DAMAGING PERSONAL PROPERTY—SUSPICIOUS ACTS.

Probable cause existed to arrest the defendant for the felony of damaging personal property in excess of $100 where the arresting officer was aware that someone had put sugar in an automobile gas tank, that the defendant had been accused of doing it, and that the defendant was acting suspiciously when the officer arrived on the scene after being summoned there for the second time, and the fact that it was later established that less than $100 of damage had been done does not alter the reasonableness of the officer's belief at that time (MCLA 750.377a).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—EXPRESSION OF OPINION.

Jury instructions must be read as a whole and where it is clear from a reading of the instructions in their entirety that the trial judge was not specifically referring to the defendant in his explanation of "intent" to the jury, it cannot be said that his instruction was an expression of an opinion that the defendant was guilty.

3. ASSAULT AND BATTERY—ASSAULT—APPARENT MEANS—QUESTION OF FACT.

It is a question of fact for the jury whether a defendant has the apparent means of carrying out an offer of violence when he only has a knife and the threatened parties have guns where the threatening conduct did not take place at so great a distance as to negate an assault as a matter of law.

4. CRIMINAL LAW—EVIDENCE—ARREST—REFERENCE TO OTHER OFFENSES.

It is not reversible error and not an impermissible reference to other offenses for an arresting officer to testify that he received

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest § 24.
[2] 53 Am Jur, Trial § 585.
[3] 6 Am Jur 2d, Assault and Battery § 107.
[4] 5 Am Jur 2d, Arrest §§ 13, 14.

a radio message that the defendant's bond had been cancelled where the same information had been mentioned by a prior witness without defendant's objection, where the defendant cross-examined the prior witness regarding the bond cancellation and other attempts to have the defendant arrested, and where the defendant procured a ruling that there could be no further reference to the bond, thus preventing the prosecution from conclusively establishing its contention that the arrest, the probable cause for which was otherwise challenged, was valid because the defendant's bond had been cancelled.

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 November 9, 1972, at Grand Rapids. (Docket No. 12522.) Decided December 6, 1972.

Lonnie B. Roberson was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *James P. Piper,* Assistant Prosecuting Attorney, for the people.

*Fredric F. Balgooyen,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and DANHOF, JJ.

DANHOF, J. The defendant was charged with felonious assault, MCLA 750.82; MSA 28.277, and attempted malicious destruction of personal property in excess of $100, MCLA 750.377a; MSA 28.609(1), MCLA 750.92; MSA 28.287. After a jury trial he was convicted of felonious assault and attempt to maliciously destroy property of a value less than $100. He appeals his conviction of felonious assault and we affirm.

The defendant and his mother had a somewhat heated argument over who was going to use Mrs.

Roberson's car. The argument ended when Mrs. Roberson made it clear that she was going to use the car. Shortly thereafter, Mrs. Roberson went out to get the car. She discovered a substance that bore every resemblance to sugar under the car and near the gas tank opening. Understandably upset, she accused her son of putting sugar in the gas tank. The defendant denied having done so, and insisted there was no sugar in the tank.

Mrs. Roberson then summoned a tow-truck and the police. In due course a tow-truck and two men arrived. The tow-truck men testified that they saw sugar near the gas tank and also observed a piece of cardboard bent into a "V" shape that looked as if it had been used to pour sugar into the tank. While the tow-truck men were there a police officer arrived on the scene. This officer saw the sugar and learned of Mrs. Roberson's accusations. The officer questioned the parties present and then left.

Mrs. Roberson and the defendant continued to vigorously debate the question of whether or not there was sugar in the gas tank. The question was resolved beyond all reasonable doubt when the defendant went into the house and then emerged with a can of sugar which he proceeded to pour into the gas tank. At this point the police were again summoned.

The same police officer who had been on the scene earlier returned. He obtained the information that the defendant was in the house from Mrs. Roberson. After waiting for help the officer and a second officer entered the house. An unidentified girl pointed to the closed bathroom door. The officers approached the door, knocked, and announced that they were police officers and that they had come to arrest the defendant. The officers

heard a noise from inside the room and proceeded to kick the door in. The officers then entered the room. The second officer had his gun drawn. The officers observed the defendant facing the window with his back to them. The defendant turned toward the officers and they saw that he had a knife in his hand. The defendant took a step toward the officers and the first officer drew his gun and ordered the defendant to drop the knife. The defendant took another step. The first officer cocked his gun and ordered the defendant to drop the knife. At this time the voice of reason prevailed and the defendant dropped the knife.

The defendant's first contention is that the officers lacked probable cause to arrest him and, therefore, he was not guilty of an assault because he had a right to resist an illegal arrest. Our review of the record convinces us that probable cause was established. The officer in charge knew that someone had put sugar in the gas tank, and that the defendant had been accused of doing it. The officer knew he had been summoned to the house a second time and that the defendant was acting suspiciously. There was probable cause to believe that the defendant had committed the felony of damaging personal property in excess of the value of $100. The fact that it was later established that less than $100 damage was done does not alter the reasonableness of the officer's belief at that time.

Defendant contends that the trial court instructed the jury that an assault had been committed. We do not agree. Jury instructions must be read as a whole. *People v Dye,* 356 Mich 271 (1959). When the instructions are read in their entirety it is clear that the trial court expressed no opinion on any of the factual issues in the case.

The trial court did say, "He committed an assault which in this particular instance is just that he offered to do harm". However, when the objected-to language is read in context it is clear that the pronoun "he" did not refer to the defendant. The jury had become confused over the meaning of the term "intent" and the trial court was attempting to explain what it meant. The language objected to was not an expression of an opinion that the defendant was guilty.

The defendant argues that he did not have the apparent means of carrying out an offer of violence. This contention is based on the fact that the police had guns and all he had was a knife. According to the defendant, he could not have carried out any violence because he would have been shot before he could stab the officers. This is not a case where the threatening conduct took place at so great a distance as to negate an assault as a matter of law. A fact question for the jury was presented.

Defendant's final contention is that reversible error occurred when the arresting officer stated that he had proceeded to the Roberson home when he received a radio message that the defendant's bond had been cancelled. The defendant argues that this is an impermissible reference to other offenses. Under the facts of this case we find no reversible error. The first mention of a cancellation of bond was made by Mrs. Roberson under direct examination. The defendant did not object. On cross-examination, counsel for the defendant questioned Mrs. Roberson regarding the bond cancellation and also about other occasions when she had sought to have the defendant arrested. One of the prosecutor's arguments was that the arrest was valid because the defendant's bond had been

cancelled. After the officer had made the statement, counsel for the defendant procured a ruling that there could be no further reference to the bond, and this prevented the prosecutor from conclusively establishing his contention. On these facts we find no reversible error.

Affirmed.

All concurred.