PEOPLE v LOVE

Docket No. 77-2964. Submitted April 9, 1979, at Lansing.—Decided August 6, 1979.

Charles E. Love was convicted by a jury in Ingham Circuit Court, Thomas L. Brown, J., of breaking and entering with intent to commit larceny and assault with intent to commit criminal sexual conduct involving sexual penetration. Defendant appeals and alleges that the trial court erred in permitting the prosecutor to use his prior conviction of attempted breaking and entering for impeachment purposes. Defendant also raises several constitutional challenges to various parts of the criminal sexual conduct act and other questions dealing with the instructions to the jury, the propriety of the prosecutor's closing argument, nonproduction of two res gestae witnesses and denial of his motion for a continuance to obtain a new attorney. *Held:*

1. Charles E. Love's prior conviction was properly admitted into evidence for impeachment purposes. In ruling on defendant's motion to suppress the conviction the trial judge indicated on the record that he was aware of his discretion and stated a belief that the evidence was admissible because it was probative of defendant's lack of credibility. This satisfies the requirement that a trial judge must recognize his discretion on the record with reference to how the offense bears on credibility. The Court of Appeals will not presume from a silent record that other discretionary considerations were ignored. There was no showing of an affirmative misapplication of necessary criteria by the trial judge in exercising his discretion.

2. A discussion of defendant's constitutional challenges to the validity of the criminal sexual conduct act is unnecessary because the trial judge erred in requiring the prosecutor to specify theories of first-degree criminal sexual conduct. The statute provides that the intent to commit third-degree criminal

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 75 Am Jur 2d, Trial §§ 30, 126, 146.
  29 Am Jur 2d, Evidence § 320 *et seq.*
[3] 65 Am Jur 2d, Rape §§ 88, 89.
  30 Am Jur 2d, Evidence §§ 1124 *et seq.,* 1138.
[4] 58 Am Jur 2d, New Trial §§ 12, 31.

sexual conduct is satisfied by proof that a defendant committed an assault with intent to commit sexual penetration. Where a defendant is charged under this statute it is error to require a prosecutor to specify and proceed on theories of first-degree criminal sexual conduct, such as whether personal injury occurred or whether the assault was perpetrated in the course of another felony. In spite of the added burden placed on the prosecutor, of proceeding on first-degree criminal sexual conduct theories, the jury found the defendant guilty of the assault charge. Under either theory the jury would have had to conclude that defendant committed an assault with intent to sexually penetrate. That alone is sufficient to establish the elements of the assault charge. Defendant was not injured as a result of the introduction of the first-degree theories. In the absence of any injury defendant lacks standing to raise the constitutional challenges argued on appeal.

3. Defendant's questions dealing with instructions to the jury, propriety of the prosecutor's closing argument, nonproduction of two res gestae witnesses and denial of his motion for a continuance to obtain a new attorney are without merit.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACH- MENT — CREDIBILITY — ADMISSIBILITY OF EVIDENCE — CRITERIA — DISCRETION — EXERCISE OF DISCRETION.

A trial judge has discretion to admit or exclude evidence of a defendant's past convictions when offered for impeachment purposes; when called upon to rule on the admissibility of prior convictions the trial judge must recognize his discretion on the record and should exercise his discretion with reference to three specific criteria: (1) the extent to which the offense bears on credibility; (2) the similarity of the prior offense to that charged; and (3) whether defendant's defense is severely impaired if the fear of impeachment leads him to choose not to testify; these criteria are guidelines for the trial judge to follow in exercising his discretion and affirmative misapplication of these factors may require reversal; however, there is no requirement that the trial judge refer to those factors or make on-the-record findings regarding them.

2. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACH- MENT — CREDIBILITY — DISCRETION — EXERCISE OF DISCRETION — APPEAL AND ERROR.

Evidence of a prior conviction was properly admitted for impeachment purposes where the trial court indicated an aware-

ness of his discretion to admit or exclude the evidence and a belief that the prior offense was probative of defendant's lack of credibility; the Court of Appeals will not presume from a silent record that the trial court ignored other required factors such as similarity of the prior offense and whether fear of impeachment would impair the defense to the point that defendant would choose not to testify.

3. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — ASSAULT — SEXUAL PENETRATION — STATUTES.

The intent to commit third-degree criminal sexual conduct is satisfied by proof that a defendant committed an assault with the intent to commit sexual penetration (MCL 750.520g; MSA 28.788[7]).

4. CONSTITUTIONAL LAW — CRIMINAL LAW — STATUTES — STANDING TO CHALLENGE — PREJUDICE.

A criminal defendant lacks standing to raise constitutional challenges to statutes which were erroneously injected into his trial where he was not injured as a result of the error.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Michael G. Woodworth,* Chief Appellate Attorney, and *Kathaleen Rae Price,* Assistant Prosecuting Attorney, for the people.

*Reid & Reid, P.C.* (by *Lawrence J. Emery),* for defendant.

Before: V. J. BRENNAN, P.J., and BRONSON and CYNAR, JJ.

CYNAR, J. On June 9, 1977, defendant was found guilty of charges of breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305, and assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1); MSA 28.788(7)(1). He was sentenced to concurrent terms of 5 to 15 years imprisonment on the breaking and entering count and 5 to 10 years

imprisonment for the assault. Defendant now appeals as of right.

The complaining witness, Sheila Neff, testified that on the night of November 25, 1976, she had left the front door of her house unlocked so that her son could enter. She was awakened by the sound of footsteps and a door opening and closing. When there was no response to her calls, she became afraid and dialed the operator. Defendant entered her bedroom as she was explaining that an intruder was in her home. He attempted to knock the phone out of her hand and a struggle ensued. After being told the police were on the way, defendant began to leave, but instead changed his mind. He jumped on the complainant's bed, grabbed her wrists, and stated his intention to engage in sexual intercourse with her. After a further struggle he left the room.

At this point Mrs. Neff testified that she put on a bathrobe and walked into the hallway where she again encountered defendant. She pushed him away and ran out the front door. By this time, a police helicopter was overhead. A police officer appeared on the scene as she approached a neighbor's house.

Defendant was arrested while exiting from the complainant's house. A search of his person uncovered Mrs. Neff's wallet. The complainant also testified that a cassette recorder had been moved from a closet to a spot near the back door.

Defendant initially alleges that the trial court erred in permitting the prosecutor to use defendant's 1970 conviction of attempted breaking and entering for impeachment purposes.

As a general rule, the trial judge has discretion to admit or exclude evidence of defendant's past convictions when offered for impeachment pur-

poses. *People v Jackson,* 391 Mich 323, 336; 217
NW2d 22 (1974). When called upon to rule on the
admissibility of prior convictions the trial judge
must recognize his discretion on the record, *People
v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), and
should exercise his discretion with reference to
three specific criteria: (1) the extent to which the
offense bears on credibility; (2) the similarity of
the prior offense to that charged; and (3) whether
defendant's defense is severely impaired if the fear
of impeachment leads him to choose not to testify.
*People v Crawford,* 83 Mich App 35, 39; 268 NW2d
275 (1978). The *Crawford* criteria are guidelines
for the trial judge to follow in exercising his
discretion and affirmative misapplication of these
factors has been held to require reversal. See for
example *People v Crawford, supra,* and *People v
Baldwin,* 405 Mich 550; 275 NW2d 253 (1979).
However, there is no requirement that the trial
judge refer to these factors or make on-the-record
findings regarding them. *People v Roberson,* 90
Mich App 196; 282 NW2d 280 (1979).

In the present case the trial judge ruled on
defendant's motion to suppress the prior convic-
tion as follows:

"THE COURT: Well, the Prosecutor can't use it for
those purposes. He can merely bring it in for a view for
the benefit of the jury for the purpose of attacking the
credibility of the witness, his likelihood of telling the
truth or not telling the truth under oath. The prior
conviction does involve a crime of moral turpitude. I
think it is fair for the jury to be informed of the entire
past history of the Defendant in regard to their assess-
ment of his likelihood of telling the truth under oath,
the likelihood of his truth and veracity. The Defendant
has his past life to live with, as all of us do. All of us
have our past mistakes to explain. Mr. Love has the
opportunity here to explain his past mistakes if he

desires to, and the jury has the right to take this into account in determining credibility. I feel no useful purpose being served by Mr. Love taking the stand and appearing to the jury with a halo over his head and without giving the jury all the facts regarding his past life in so far as credibility is concerned."

We find no error in the trial judge's exercise of discretion. His ruling indicates that he was aware of his discretion and that he believed the prior offense was probative of defendant's lack of credibility. We will not presume from a silent record that the other considerations set forth in *Crawford, supra,* were ignored in the present case. In the absence of an affirmative misapplication of the *Crawford* criteria, we conclude that the evidence was properly admitted for impeachment purposes.

Defendant next raises several constitutional challenges to various parts of the criminal sexual conduct act. Prior to discussing these, it is necessary to outline the pretrial motion giving rise to these challenges.

Prior to trial defense counsel moved for a bill of particulars on the assault count. He contended that under the criminal sexual conduct act the offense of assault with intent to commit criminal sexual conduct involving penetration could be committed in so many different ways that he was unable to defend against the charge. Specifically, he requested the prosecutor to designate which kind of *first-degree* criminal sexual conduct the defendant was alleged to have committed.

The trial judge granted defendant's motion, stating that the language of the assault count was too broad.[1] The trial judge then read through each of

[1] Specifically, Count II charged defendant with "assault with intent to commit criminal sexual conduct involving penetration; to-wit; sexual intercourse.

the means of committing first-degree criminal sexual conduct listed in MCL 750.520b; MSA 28.788(2) and asked the prosecutor which of these theories he was relying upon. The prosecutor responded that he was relying upon subsection (1)(c), sexual penetration under circumstances involving the commission of another felony. Alternatively he declared that he was relying upon subsection (1)(f)(i), using physical force to commit the penetration and causing personal injury.

Subsequently, defense counsel unsuccessfully moved to dismiss the charge based upon subsection (1)(c) of MCL 750.520b; MSA 28.788(2) on the ground that it was overbroad. On appeal, he raises this argument once more contending that many sexual penetrations committed in the course of a felony are consensual and therefore noncriminal. He also contends that both an assault conviction based upon subsection (1)(c) and a conviction for the underlying offense of breaking and entering with intent to commit larceny would constitute multiple punishment for the same offense. Defendant further alleges that the element of "personal injury" required under subsection (1)(f)(i) is unconstitutionally vague.

We need not address these difficult constitutional problems in the context of the present case. This is because the trial judge erred in requiring the prosecutor to specify the theories of first-degree criminal sexual conduct under which he was proceeding. The statute under which defendant was charged, MCL 750.520g; MSA 28.788(7), reads as follows:

"(1) Assault with intent to commit criminal sexual conduct involving sexual penetration shall be a felony punishable by imprisonment for not more than 10 years.

"(2) Assault with intent to commit criminal sexual conduct in the second degree is a felony punishable by imprisonment for not more than 5 years."

Subsection (2) of this statute requires an "intent to commit criminal sexual conduct in the second degree". In requiring the prosecutor to designate a theory of first-degree criminal sexual conduct, the trial judge must have read subsection (1) as requiring an intent to commit criminal sexual conduct in the first degree.

However, such a requirement is at odds with the plain language of the statute. All that is required under subsection (1) is an "intent to commit criminal sexual conduct involving sexual penetration". Such an intent is satisfied by a showing that defendant intended to commit *third-degree* criminal sexual conduct, MCL 750.520d; MSA 28.788(4), which also involves sexual penetration.

More specifically all that is really required for a conviction under subsection (1) of MCL 750.520g; MSA 28.788(7) is proof that (1) defendant committed an assault (2) with the intent to commit sexual penetration. There is no requirement that one prove an intent to commit criminal sexual conduct, as that is necessarily established by proof of the other elements.[2]

The above conclusion is borne out by an examination of the proof required to establish third-degree criminal sexual conduct. One type of third-degree criminal sexual conduct occurs when one engages in sexual penetration with another and "force or coercion is used to accomplish the sexual penetration", MCL 750.520d; MSA 28.788(4). Thus, proof of the intent to commit this type of criminal

---

[2] This conclusion is implicitly supported by CJI 20:6:01 which requires only proof of the assault, proof of a sexual purpose, and proof of the intent to sexually penetrate.

sexual conduct is established by proof of the inten-
tion to commit a forcible sexual penetration. This
intention will necessarily be established by proof
of assault plus proof of the intent to sexually
penetrate. The intention to use force in effectuat-
ing the sexual penetration is established by the
assault itself, as one definition of a criminal as-
sault is an:

"attempt or offer, with force or violence, to do a
corporal hurt to another, whether from malice or wan-
tonness, with such circumstances as denote, at the time,
an intention to do it, coupled with a present ability to
carry such intention into effect." *People v Sanford,* 402
Mich 460, 477; 265 NW2d 1 (1978).

Thus when coupled with the intent to commit
sexual penetration, proof of the assault necessarily
establishes the intent to commit the kind of crimi-
nal sexual conduct prohibited by MCL 750.520d;
MSA 28.788(4).

As the above analysis illustrates, the questions
of whether personal injury occurred and whether
the assault was perpetrated in the course of an-
other felony were erroneously injected into the
case by the trial judge's ruling on defendant's
motion. Despite this added burden being placed on
the prosecutor, the jury found defendant guilty of
the assault charge. Under either of the theories
upon which the prosecutor was forced to rely, the
jury would have had to have concluded that defen-
dant committed an assault with the intent to
sexually penetrate. As that alone is sufficient to
establish the elements of the assault charge, defen-
dant was not injured as a result of the operation of
those provisions relating to personal injury or the
commission of the assault in the course of another
felony. In the absence of any injury to defendant

as a result of the operation of these statutes defendant lacks standing to raise the constitutional challenges argued on appeal. *State ex rel Wayne County Prosecuting Attorney v Bernstein,* 57 Mich App 204, 207; 226 NW2d 56 (1974).

Defendant raises several other issues on appeal. We find these to be without merit. The instructions to the jury on the assault count, although inaccurate to the extent noted above, did not act to prejudice defendant. In all other respects the instructions, when viewed in their entirety, *People v Roberson,* 44 Mich App 105, 108; 205 NW2d 50 (1972), were not erroneous.

The prosecutor's closing argument alluding to the need to stop "fear", although bordering on the improper, was not objected to. Since any resulting prejudice could have been rectified by a curative instruction, this issue does not require reversal. *People v Smith,* 73 Mich App 463, 470; 252 NW2d 488 (1977). No error occurred as a result of his referring to the evidence as "uncontroverted". *People v Franklin,* 70 Mich App 343, 347; 245 NW2d 746 (1976).

. In the absence of a hearing regarding prejudice, defendant's issue regarding the nonproduction of two res gestae witnesses is not properly before us. *People v Willie Pearson,* 404 Mich 698, 714; 273 NW2d 856 (1979).

Finally, we conclude that under the circumstances of the case,[3] the trial judge properly denied defendant's motion for a continuance to obtain a

---

[3] The motion, which was made after the jury was selected, merely claimed general dissatisfaction with defendant's appointed attorney, rather than any specific problem. There was no showing of a breakdown in communication between the defendant and counsel or that counsel had been appointed at too late a date to prepare for trial. Furthermore, the attorney in question was defendant's second appointed attorney.

new attorney. *People v Charles O Williams,* 386
Mich 565; 194 NW2d 337 (1972).
  Affirmed.