PEOPLE v JORDAN

Docket No. 45707. Submitted March 2, 1981, at Lansing.—Decided
    April 9, 1981.
    Norris R. Jordan was convicted of assault with intent to rob
    while armed and was sentenced to prison, Genesee Circuit
    Court, Donald R. Freeman, J. He appeals, alleging that the
    trial court erred in admitting testimony that he exercised his
    right to remain silent during initial police interrogation. *Held:*
    The trial court erred in admitting testimony elicited by the
    prosecutor regarding defendant's initial refusal to speak to
    police. Defendant had not yet testified when the testimony was
    given, and it thus may not be justified as impeachment. But the
    error was not so offensive to the maintenance of a sound
    judicial system as to require reversal. The reference to defen-
    dant's silence was brief. In addition, defendant subsequently
    confessed to the crime charged, which confession was properly
    admitted into evidence, and witnesses identified defendant. In
    light of this, it could not reasonably be said that were the case
    free of the error any juror would have voted to acquit. The
    error was harmless beyond a reasonable doubt.
    Affirmed.

1. CRIMINAL LAW — TRIAL — CONSTITUTIONAL LAW — RIGHT TO
    REMAIN SILENT — IMPEACHMENT.
    The silence of an accused in the face of questioning may not be
    used against him during trial except to contradict his asser-
    tions that a statement was made (US Const, Am V).

2. CRIMINAL LAW — TRIAL — CONSTITUTIONAL LAW — RIGHT TO
    REMAIN SILENT — IMPEACHMENT.
    A reference during trial by a prosecutor to the exercise by a
    criminal defendant of his right to remain silent cannot be
    justified as impeachment where the defendant has not yet
    testified, and its admission into evidence by a trial court
    constitutes error; but, where brief, such reference is not so

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 356, 360.
    29 Am Jur 2d, Evidence § 638 *et seq.*

offensive to the maintenance of a sound judicial system as to require reversal, and the error is harmless beyond a reasonable doubt where other evidence, coupled with the defendant's properly-admitted confession, is so overwhelming that it could not reasonably be said that were the case free of the error any juror would have voted to acquit (US Const, Am V).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*O'Rourke, Goldstein, Joseph & Kelly, P.C.* (by *Randall K. Caryl),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and ALLEN and J. H. GILLIS, JJ.

PER CURIAM. Defendant was convicted by a jury of assault with intent to rob while armed, MCL 750.89; MSA 28.284, and appeals by right.

The arrest of defendant occurred in the early morning hours on August 7, 1977. On that same date, defendant was approached by a detective in the Genesee County Sheriff's Department, advised of his *Miranda*[1] rights, and asked if he would answer some questions. Defendant refused to speak without first consulting an attorney. Thereafter, on August 11, 1977, defendant sent a message to the detective requesting to speak to him. The detective again advised defendant of his *Miranda* rights. After stating each warning, the detective asked defendant if he understood the warning and recorded his response on a form. After signing a statement waiving his right to have a

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

lawyer present, defendant made a confession to the detective.

During the prosecution's case in chief, the following sequence occurred between the prosecutor and the detective who took defendant's confession:

"*Q.* Okay. Now, did you have an opportunity to speak with Mr. Jordan that particular day?

"*A.* Yes, sir.

"*Q.* And do you remember approximately what time that was?

"*A.* It was approximately 6:00 p.m. on the same day, the 7th.

"*Q.* 6:00 p.m.?

"*A.* Yes, sir.

"*Q.* And did he make a statement to you at that time?

"*A.* No, sir. He did not.

"*Q.* Where would this have been?

"*A.* In the Detective Bureau of the Genesee County Sheriff's Department.

"*Q.* And was anyone else present?

"*A.* No, sir.

"*Q.* Did you advise him of his constitutional rights at that point?

"*A.* Yes. I advised him of his rights per *Miranda.*

"*Q.* All right. Now, did you have an opportunity to speak to Mr. Jordan again?

"*A.* Yes, sir. I did. I believe it was on the 11th of August, 1977."

Defense counsel immediately requested the court to declare a mistrial. The trial court denied the request and allowed the testimony to remain on the record because the prosecution intended to place on the record the confession that defendant gave some four days later.

On appeal, defendant raises this issue: Did the trial court commit reversible error by admitting

into evidence testimony by a detective that the defendant refused to make a statement?

Michigan decisional law holds that silence of an accused in the face of questioning may not be used against him at trial, subject to the exception that a defendant's refusal to speak during questioning is admissible to contradict assertions that a statement was made. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), *People v Sain,* 407 Mich 412; 285 NW2d 772 (1979).

In *People v Jablonski,* 38 Mich App 33; 195 NW2d 777 (1972), the prosecutor elicited testimony that the defendant exercised his constitutional right to remain silent as substantive evidence of the defendant's guilt. This Court reversed that defendant's conviction and held that the testimony impermissibly penalized defendant for the exercise of his privilege against self-incrimination. See *People v Dunn,* 46 Mich App 226; 208 NW2d 239 (1973).

A reading of the transcript makes clear that the question was deliberately used by the prosecutor. Because the defendant had not yet testified, the elicited testimony cannot be justified as impeachment.

This Court must pursue a dual inquiry. Is the alleged error so offensive to the maintenance of a sound judicial system as to require reversal? If not, was the error harmless beyond a reasonable doubt? *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), *People v Swan,* 56 Mich App 22, 35; 223 NW2d 346 (1974), *lv den* 395 Mich 810 (1975).

Here, we had a brief reference to the defendant's initial silence. It does not seem highly probable that the jury may have considered the defendant's exercise of his constitutional right as sub-

stantive evidence of his guilt. The prosecution did not attempt to emphasize or dwell on that silence. The prosecutor was seemingly attempting to lay a background for the introduction of the defendant's subsequent confession. We do not find this brief indication that the defendant did not make a statement initially an error so offensive to the maintenance of a sound judicial system as to require reversal.

Furthermore, the evidence against the defendant was overwhelming. Two victims of the robbery identified the defendant as the gunman, and a police officer testified that he saw the defendant fleeing the scene of the robbery. Finally, there is the defendant's own confession which this Court finds was properly admitted into evidence. If the trial in the present case had been free of the alleged error, we do not find it reasonable to believe that any juror would have voted to acquit the defendant. *People v Christensen*, 64 Mich App 23; 235 NW2d 50 (1975), *lv den* 397 Mich 839 (1976). Therefore, the error is harmless beyond a reasonable doubt.

We find the defendant's remaining assignments of error to be without merit.

Affirmed.