PEOPLE v DUPREE

Docket No. 58419. Submitted March 17, 1983, at Detroit.—Decided
    August 3, 1983. Leave to appeal applied for.

Edward Dupree was convicted of second-degree murder and fel-
    ony-firearm following a nonjury trial in Recorder's Court of
    Detroit, Samuel C. Gardner, J. Defendant appealed. The Court
    of Appeals in an unpublished order remanded to the trial court
    to permit defendant to file a motion for new trial. Following an
    evidentiary hearing, the trial court denied defendant's motion
    for new trial. Now held:

    1. The trial court did not abuse its discretion in finding that
    the recanting of his trial testimony by one of the prosecution's
    witnesses would not render a different result probable if there
    were a retrial.

    2. The prosecution's references to defendant's pre-arrest si-
    lence during the cross-examination of the defendant do not
    mandate reversal. As a matter of federal constitutional law,
    cross-examination of a defendant concerning his pre-arrest
    silence may be used to impeach the defendant's direct examina-
    tion testimony without infringing on the privilege against self-
    incrimination contained in the United States Constitution. The
    question of whether the Michigan rule against the use of such
    evidence should remain in effect as a matter of Michigan
    constitutional law or as a matter of evidentiary policy is for the
    Michigan Supreme Court to decide. In any event, since the trial
    judge indicated that it did not consider such evidence in mak-
    ing his decision, and in view of the strong evidence of guilt,
    reversal is not mandated.

    3. The question of the propriety of the prosecution's impeach-
    ment of a prosecution witness was not properly preserved for
    appellate review.

    4. The defendant was afforded effective assistance of counsel.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur 2d, New Trial § 165.
[2, 4] 29 Am Jur 2d, Evidence § 640.
    81 Am Jur 2d, Witnesses § 496.
[5] 5 Am Jur 2d, Appeal and Error § 533.
    81 Am Jur 2d, Witnesses § 518.

5. The defendant is not entitled to resentencing.
Affirmed.

1. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — APPEAL.

The grant or denial of a motion for a new trial lies within the sound discretion of the trial court; the exercise of the trial court's discretion relative to such a motion for new trial will not be overturned on appeal absent a clear showing of abuse of discretion.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO REMAIN SILENT — WITNESSES — IMPEACHMENT.

The Fifth Amendment privilege against self-incrimination does not prohibit the prosecution from cross-examining a criminal defendant concerning his pre-arrest silence for the purpose of impeaching the defendant's direct examination testimony (US Const, Am 5).

3. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO REMAIN SILENT — STATE CONSTITUTION — MICHIGAN SUPREME COURT.

The questioning of whether, as a matter of state constitutional law or as a matter of evidentiary policy, the use of evidence of a criminal defendant's pre-arrest silence for impeachment purposes will continue to be prohibited in Michigan is a question within the exclusive province of the Michigan Supreme Court (Const 1963, art 1, § 17).

4. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO REMAIN SILENT — NONJURY TRIAL.

The use of evidence of a criminal defendant's pre-arrest silence for impeachment purposes, even if violative of the privilege against self-incrimination contained in the state constitution, does not mandate reversal where the trial was a nonjury trial, the trial judge indicated that the evidence of the defendant's silence was not considered, and the evidence of guilt was strong.

5. CRIMINAL LAW — WITNESSES — IMPEACHMENT — PRESERVING QUESTION — APPEAL.

The failure to object at trial to allegedly improper impeachment of a witness by the prosecution precludes appellate review in the absence of a showing of manifest injustice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Dep-

uty Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Gromek, Bendure & Thomas* (by *John A. Lydick),* for defendant.

Before: T. M. Burns, P.J., and Cynar and P. J. Marutiak,* JJ.

Per Curiam. Defendant was convicted following a nonjury trial of second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to consecutive prison terms of 2 years on the felony-firearm conviction and 15 to 25 years on the second-degree murder conviction. Defendant appealed as of right and this Court, in an unreported order, remanded the case to the trial court to allow defendant to file a motion for new trial. An evidentiary hearing was held on July 2, 1982, following which the trial court denied defendant's motion for new trial. The case is now before this Court pursuant to jurisdiction retained in the remand order.

The motion for new trial was based on an affidavit of prosecution witness Charles Franklin. Franklin stated in the affidavit and testified at the remand hearing that he had perjured himself at defendant's trial and that, in fact, he had not seen defendant shoot the victim. The trial court denied the motion, stating that Franklin had not been a credible witness at trial and that his testimony had been cumulative and not crucial to the case.

Witness Franklin's trial testimony was severely weakened by several factors, including his prior

---

* Circuit judge, sitting on the Court of Appeals by assignment.

inconsistent testimony, evidence of his previous felony convictions and evidence that the prosecutor had agreed to write a favorable letter to the Corrections Commission on the witness's behalf in exchange for the latter's testimony. The trial judge stated that he had given Franklin's testimony little weight and had relied instead on other witnesses and on defendant's own testimony placing himself at the scene of the crime with a gun in his hand.

This Court will not reverse a trial court's decision on a motion for new trial absent a clear abuse of discretion. *People v Snell,* 118 Mich App 750, 767; 325 NW2d 563 (1982). We have reviewed the record and conclude that the trial judge did not abuse his discretion in finding that Franklin's recanting testimony did not render a different result probable on retrial of the case. *People v Snell, supra.*

Defendant next contends that the prosecutor's inquiry during cross-examination of defendant and reference during closing argument to defendant's pre-arrest silence violated his rights under *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), and require reversal. Defense counsel did not object to the questions or remarks at trial, which precludes reversal absent manifest injustice.

The prosecutor's references to defendant's pre-arrest silence were an apparent attempt to impeach defendant's direct examination testimony. In *People v Bobo,* the Michigan Supreme Court held that a defendant's silence, whether prior to or after arrest, may not be used as either substantive or impeachment evidence consistent with the defendant's Fifth Amendment privilege against self-incrimination. See, also, *People v Karam,* 106 Mich App 383, 388-390; 308 NW2d 220 (1981), *lv*

*den* 414 Mich 870 (1982). However, the United States Supreme Court in *Jenkins v Anderson,* 447 US 231; 100 S Ct 2124; 65 L Ed 2d 86 (1980), held that cross-examination of a defendant concerning his pre-arrest silence, for the purpose of impeaching his direct examination testimony, does not violate the Fifth Amendment. See, also, *Anderson v Charles,* 447 US 404; 100 S Ct 2180; 65 L Ed 2d 222 (1980). We conclude that, under federal constitutional law, defendant's privilege against self-incrimination was not violated.

Notwithstanding the United States Supreme Court precedent, it is possible that the Michigan Supreme Court will continue to adhere to *Bobo* as a matter of state constitutional law or as a matter of evidentiary policy. Const 1963, art 1, § 17; *People v Karam, supra.* If a different standard for use of a defendant's pre-arrest silence is to be formulated, it is within the exclusive province of the Supreme Court to do so. See *People v Mosley (On Remand),* 72 Mich App 289, 292; 249 NW2d 393 (1976), *aff'd on other grounds* 400 Mich 181; 254 NW2d 29 (1977).

We have reviewed the record and find that, even if a violation occurred under the state constitution, the error did not result in manifest injustice. The reference to defendant's pre-arrest silence was relatively brief and was not likely to influence the trial judge sitting as a finder of fact. When this issue was raised on defendant's motion for new trial, the trial judge stated that he had not considered defendant's silence in making his decision. In view of the strong evidence of guilt, we decline to reverse on this basis. *People v O'Brien,* 113 Mich App 183, 201; 317 NW2d 570 (1982); *People v Jordan,* 105 Mich App 345, 348-349; 306 NW2d 506 (1981).

Defendant next contends that he was prejudiced to a degree mandating reversal because the prosecutor impeached him with evidence of prior convictions of unarmed robbery and malicious destruction of police property when, in fact, defendant's prior convictions were for attempts to commit those crimes. Defendant did not object to the prosecutor's questions and, in fact, testified that he had been convicted of unarmed robbery and malicious destruction of police property. In ruling on the motion for new trial, the judge stated that he had not considered the erroneous impeachment evidence in reaching his decision. We have reviewed the record and find no manifest injustice.

Defendant next asserts that the prosecutor's impeachment of a prosecution witness with evidence of his prior arrest resulted in reversible error. Defendant's failure to object precludes reversal absent manifest injustice, which is not present here.

This Court has reviewed the record and finds that defendant was afforded effective assistance of counsel under the standard set forth in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Finally, we find that the court's statements at sentencing were supported by the trial record. Defendant is not entitled to resentencing.

Affirmed.