PEOPLE v SNELL

Docket No. 57933. Submitted May 13, 1982, at Lansing.—Decided
August 24, 1982. Leave to appeal applied for.

Frank E. Snell, III, was convicted of assault with intent to
commit criminal sexual conduct in the second degree following
a bench trial in Ingham Circuit Court, Michael G. Harrison, J.
Defendant's motion for a new trial was denied. He appeals.
*Held:*

1. The trial court's findings of fact are not clearly erroneous.
No reversible error occurred just because the trial court be-
lieved the complainant and disbelieved defendant.

2. Defendant's contention that there was no factual finding

REFERENCES FOR POINTS IN HEADNOTES

[1] 65 Am Jur 2d, Rape § 2 *et seq.*
What constitutes penetration in prosecution for rape or statutory
rape. 76 ALR3d 163.
[2] 5 Am Jur 2d, Appeal and Error §§ 839, 900, 966.
[3] 4 Am Jur 2d, Appeal and Error § 522.
5 Am Jur 2d, Appeal and Error § 611.
[4] 5 Am Jur 2d, Appeal and Error § 599.
[5] 21A Am Jur 2d, Criminal Law §§ 785, 830.
Withholding or suppression of evidence by prosecution in criminal
case as vitiating conviction. 34 ALR3d 16.
[6] 63 Am Jur 2d, Prosecuting Attorneys §§ 26, 27.
[7] 21A Am Jur 2d, Criminal Law §§ 793, 974.
What constitutes "custodial interrogation" within rule of Miranda v
Arizona requiring that suspect be informed of his federal consti-
tutional rights before custodial interrogation. 31 ALR3d 565.
[8] 21A Am Jur 2d, Criminal Law §§ 732 *et seq.,* 967 *et seq.*
Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.
[9] 58 Am Jur 2d, New Trial § 166.
What constitutes "newly discovered evidence," within meaning of
Rule 33 of Federal Rules of Criminal Procedure relating to
motions for a new trial. 44 ALR Fed 13.
[10] 5 Am Jur 2d, Appeal and Error § 851.
58 Am Jur 2d, New Trial § 3 *et seq.*
[11] 58 Am Jur 2d, New Trial §§ 173-175.

that defendant intended to have sexual contact with the complainant is without merit.

3. Although the trial court arguably did not make clear findings of fact regarding an aggravating circumstance, the court's finding that defendant used force in attempting the sexual act was sufficient to establish the necessary aggravating circumstance.

4. Although the information filed against defendant may have been defective, it may not be challenged for the first time on appeal and, because no miscarriage of justice resulted from the defective information, review is precluded.

5. Defendant's due process right to fair notice was not violated by his being convicted of a crime other than the one with which he was charged.

6. Defendant's contention that the trial court erred by convicting him of a lesser-included offense without his request or consent is not supported by the record.

7. Any possible error from the prosecutor's neglect to disclose the complainant's failure to mention to the police officers that her sweater had been torn was harmless.

8. No error occurred with respect to the prosecutor's failure to disclose information where such information was not in his possession.

9. There was no error in the prosecutor's failure to disclose certain statements made by the complainant to one of the police officers. The information was available to defendant and could have been obtained through cross-examination of the police officer.

10. The admission of statements made by defendant to the investigating officer was harmless beyond a reasonable doubt even if they were obtained in violation of *Miranda.*

11. Defendant is not entitled to a reversal of his conviction on the ground that he received ineffective assistance of counsel.

12. The trial court did not abuse its discretion by denying defendant's motion for a new trial on the ground of newly discovered evidence.

Affirmed.

1. RAPE — CRIMINAL SEXUAL CONDUCT.

The elements of assault with intent to commit criminal sexual conduct are: (1) there must be an assault; (2) there must be a sexual purpose, *i.e.,* when the act involves penetration, the defendant must have intended an act involving some sexually improper intent or purpose, and when the act involves contact,

the defendant must have intended to do the act for the purpose of sexual arousal or sexual gratification; (3) when the act involves penetration, the intended sexual act must have been one involving some actual entry of another person's genital or anal openings or some oral sexual act; when the act involves contact, the defendant must have specifically intended to touch the complainant's genital area, groin, inner thigh, buttock, breast, or clothing covering those areas, or the defendant must have specifically intended to have the complainant touch such area on him; and (4) there must be some aggravating circumstances, *e.g.*, the use of force or coercion; actual touching is not required, and when the act involves penetration, it is not necessary to show that the sexual act was started or completed.

2. APPEAL — FINDINGS OF FACT.

A finding of fact by a court is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.

3. JUDGES — WITNESSES — APPEAL.

Generally, a trial judge, as trier of fact, has the duty to weigh the testimony and assess the credibility of the witnesses; on appeal, regard shall be given to the trial court's special opportunity to judge the credibility of those witnesses who appeared before it (GCR 1963, 517.1).

4. INDICTMENT AND INFORMATION — PRESERVING QUESTION — APPEAL.

A criminal information may not be challenged for the first time on appeal.

5. PROSECUTING ATTORNEYS — SUPPRESSION OF EVIDENCE — DUE PROCESS.

A prosecutor's suppression of evidence which is favorable to an accused and which has been requested by the accused violates due process.

6. PROSECUTING ATTORNEYS — EVIDENCE — DUTY OF DISCLOSURE.

A prosecutor is obligated to present the trier of fact with incriminating evidence against the defendant and any material evidence exculpating the defendant; this duty to disclose also extends to material impeaching information.

7. CRIMINAL LAW — *MIRANDA* WARNINGS.

*Miranda* warnings must be given once an investigation has focused on a particular suspect, even if the suspect is not in custody.

8. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

A criminal defendant is not denied effective assistance of counsel where defense counsel performs at least as well as a lawyer of ordinary skill and training in the criminal law; and where the defendant, from hindsight, alleges that certain action by counsel so deprived him of effective assistance and the record reveals that the reasons underlying such action would appear sound to a competent criminal attorney, the assistance of counsel is not constitutionally defective; however, even if this constitutional minimum for effective assistance of counsel is met, a defendant still has a right to a fair trial and, if the attorney makes a serious mistake but for which the defendant might reasonably have been acquitted, a new trial is necessary.

9. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — COURT RULES.

A new trial may be granted, where a party's substantial rights have been materially affected, because of material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial; it must be shown that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence is not cumulative; (3) it is such as to render a different result probable on a retrial of the cause; and (4) the party could not with reasonable diligence have discovered and produced it at trial (GCR 1963, 527.1[6]).

10. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — APPEAL.

The grant or denial of a motion for a new trial lies within the sound discretion of the trial court; the exercise of the trial court's discretion relative to such a motion for new trial will not be overturned on appeal absent a clear showing of abuse of discretion.

11. NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence is not ground for a new trial where the evidence would be used merely to impeach.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janis L. Blough,* Chief Appellate Attorney, and *Susan K. Marshall,* Assistant Prosecuting Attorney, for the people.

*Jonathan E. Maire,* for defendant on appeal.

Before: ALLEN, P.J., and CYNAR and C. J. FALA-HEE,* JJ.

CYNAR, J. Defendant was charged with assault with intent to commit criminal sexual conduct (CSC) involving sexual penetration. MCL 750.520g(1); MSA 28.788(7)(1). After a bench trial, defendant was found guilty of assault with intent to commit criminal sexual conduct in the second degree. MCL 750.520g(2); MSA 28.788(7)(2). Defendant was sentenced to 36 months probation, during which time he was to serve six months in jail. Defendant was also fined $500 and ordered to participate in mental health counseling. Defendant's motion for a new trial was denied. Defendant appeals as of right.

A critical issue of defendant's appeal concerns the elements of MCL 750.520g; MSA 28.788(7). No prior cases have interpreted the assault with intent to commit CSC statute. The penetration required for the first part of the statute is defined, MCL 750.520a(h); MSA 28.788(1)(h), as is the contact required for the second part of the statute, MCL 750.520a(g); MSA 28.788(1)(g).

The assault portion of the statute will incorporate much of the law of assault from cases under the former statute of assault with intent to commit rape, sodomy, or gross indecency. The gist of the crime of assault with intent to commit rape was the element of intent. *People v Phillips,* 385 Mich 30, 36; 187 NW2d 211 (1971). An assault may be committed without actually touching the person of the one assaulted. *People v Carlson,* 160 Mich 426, 429; 125 NW 361 (1910).

Specifically, the elements of assault with intent to commit CSC are as follows: (1) There must be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

an assault. (2) There must be a sexual purpose. When the act involves penetration, defendant must have intended an act involving some sexually improper intent or purpose. When the act involves contact, defendant must have intended to do the act for the purpose of sexual arousal or sexual gratification. (3) When the act involves penetration, the intended sexual act must have been one involving some actual entry of another person's genital or anal openings or some oral sexual act. When the act involves contact, defendant must have specifically intended to touch the complainant's genital area, groin, inner thigh, buttock, breast, or clothing covering those areas, or defendant must have specifically intended to have the complainant touch such area on him. (4) There must be some aggravating circumstances, *e.g.*, the use of force or coercion. An actual touching is not required. When the act involves penetration, it is not necessary to show that the sexual act was started or completed.

I

Defendant argues that the trial judge's findings of fact are clearly erroneous. Clear error will be found on appeal where, although there is evidence to support a finding of fact, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *People v Bruce Ramsey,* 89 Mich App 468, 475; 280 NW2d 565 (1979), *lv den* 407 Mich 861 (1979). That standard has been held to apply in criminal cases. *Bruce Ramsey, supra.*

As a general rule, the trial judge, as trier of fact, has the duty to weigh the testimony and assess the credibility of the witnesses. *People v*

*Gregory Johnson,* 112 Mich App 483, 489; 316 NW2d 247 (1982), *People ,v Hogan,* 9 Mich App 78, 85; 155 NW2d 866 (1967). Regard shall be given to the trial court's special opportunity to judge the credibility of those witnesses who appeared before it. GCR 1963, 517.1.

. The trial judge in the present case found the complainant to be credible and believed her testimony. He did not find her version of the facts to be "beyond belief". The trial judge believed her in spite of defense counsel's efforts to impeach her through her allegedly inconsistent preliminary examination testimony.

· Clear error does not appear. The trial judge was in a better position than this Court to determine the witnesses' credibility. This Court rejects defendant's claim that reversible error occurred because the trial court believed the complainant and disbelieved defendant.

II

Defendant argues that the trial judge's findings of fact are inadequate for purposes of appellate review. GCR 1963, 517.1. Defendant contends that there was no factual finding that defendant intended to have "sexual contact". Defendant argues that the trial judge's finding that defendant attempted to force the victim to touch his intimate parts is insufficient to meet that required element. Defendant's contention is totally without merit.

The trial court found that an assault occurred. The court found that the assault was for the purpose of sexual arousal or sexual gratification. The court further found that, although a touching

of defendant's genital area did not occur, there was an intent to have that occur.

A problem arises, however, because the trial court arguably did not make clear findings regarding an aggravating circumstance. The trial court found defendant grabbed the complainant's hair and subsequently attempted to push complainant's head down to his exposed genital area. Defendant was, however, not successful in forcing the complainant to touch his genital area. One aggravating circumstance arises where defendant uses force or coercion in attempting or threatening the sexual act. It is sufficient force if defendant overcame the complainant through the actual application of physical force or violence. The record suggests defendant overcame the complainant for only a brief time before the complainant was able to break free from defendant's forced guidance toward his genital area. The trial court's findings reflect this where the court found the defendant grabbed the complainant. This finding was sufficient to establish the aggravating circumstance. This Court recognizes that this element presents a close question. A decision to the contrary, however, would merely reward defendant for choosing a temporarily stronger victim.

III

Defendant argues that the information in this case was fatally defective. Defendant was charged with a violation of MCL 750.520g(1); MSA 28.788(7)(1), which defines the offense as an "[a]ssault with intent to commit criminal sexual conduct involving sexual penetration * * *". The statement of the crime on the information omitted the words "criminal sexual conduct". Defendant

now contends for the first time that such omission constitutes reversible error. As the prosecutor points out, it is well established that an information may not be challenged for the first time on appeal. *People v Hernandez,* 80 Mich App 465, 467-469; 264 NW2d 343 (1978), *lv den* 406 Mich 938 (1979), MCL 769.26; MSA 28.1096.

No miscarriage of justice resulted from the defective information. See *People v Love,* 91 Mich App 495, 502; 283 NW2d 781 (1979).

## IV

·Although defendant was charged under subsection 1 of MCL 750.520g; MSA 28.788(7), defendant was convicted under subsection 2. There is a split of authority over whether second-degree CSC is a lesser-included offense of first-degree CSC. In *People v Thompson,* 76 Mich App 705; 257 NW2d 268 (1977), *lv den* 402 Mich 829 (1977), a panel of this Court held that second-degree CSC was a necessarily lesser-included offense of first-degree CSC. See, also, *People v Green,* 86 Mich App 142, 150; 272 NW2d 216 (1978), and *People v Secreto,* 81 Mich App 1, 3; 264 NW2d 99 (1978), *lv den* 406 Mich 1019 (1979). But see, *People v Garrow,* 99 Mich App 834, 839; 298 NW2d 627 (1980), where a panel of this Court concluded to the contrary. The *Garrow* panel, however, noted that, in most cases, second-degree CSC is a factually included offense within first-degree CSC.

The above-cited cases do not address whether an assault with intent to commit criminal sexual conduct in the second degree is a necessarily lesser-included offense of assault with intent to commit criminal sexual conduct involving sexual

penetration. However, in the case at bar, there can be no question that, even if MCL 750.520g(2); MSA 28.788(7)(2) is not a necessarily lesser-included offense of MCL 750.520g(1); MSA 28.788(7)(1), it clearly is a cognate or allied offense.

Defendant concedes that the offense of which he was convicted may well be considered "cognate" to the offense he was initially charged with. Defendant also admits that, if the complainant is believed, the evidence on the record would support defendant's conviction of the lesser offense. Defendant, however, complains that he did not as a matter of due process receive fair notice that he would be required to defend against the charge of which he was convicted. See *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975).

The lesser offense, of which defendant was convicted, was closely related to the original charge. The lesser offense was in the same class or category as the originally charged crime. The fact that defendant might be required to defend against it was apparent. The only element which the lesser may not have shared with the greater was the question of whether defendant's actions were for the purpose of sexual arousal or gratification. The complainant's testimony at the preliminary examination indicated that the assault was for the purpose of defendant's sexual gratification. Defendant's due process right to fair notice was not violated. But, see *Love, supra.*

Defendant also argues that a trial judge may not convict a defendant of a lesser-included offense without the defendant's request or consent. Apparently defendant's trial counsel and the prosecutor

had a conversation off the record with the trial judge concerning lesser-included offenses and agreed on the record that the judge could consider the offense for which defendant was convicted. Therefore, defendant's contention that the consideration of such offense was *sua sponte* is not supported by the record.

V

Defendant argues that the prosecution has a duty to disclose information in its possession favorable to the accused, citing *People v Davis,* 52 Mich 569; 18 NW 362 (1884), and *People v Dellabonda,* 265 Mich 486; 251 NW 594 (1933). Defendant misstated the rule. The prosecutor's suppression of evidence which is favorable to an accused and which has been requested by the accused violates due process. The same rule was stated in *Brady v Maryland,* 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), but *Brady* added the requirement that the suppressed evidence be material either to guilt or punishment. The Court concluded that it does not matter whether the prosecutor acted in good or bad faith in withholding such evidence. In addition, the United States Supreme Court has held that the state may not knowingly use false testimony to obtain a tainted conviction, even where the false testimony goes only to the credibility of a witness. *Napue v Illinois,* 360 US 264; 79 S Ct 1173; 3 L Ed 2d 1217 (1959), *Giles v Maryland,* 386 US 66; 87 S Ct 793; 17 L Ed 2d 737 (1967).

The foregoing rules do not apply in the present case because defendant admittedly made no request for the information which the prosecutor allegedly failed to disclose. In addition, defendant does not contend that the "withheld" information

was within the prosecutor's knowledge or possession or that the prosecutor knowingly allowed false testimony to go uncorrected at trial. Defendant's reliance on the above-cited cases is misplaced.

Defendant cites one case which could possibly apply under the present facts. In *United States v Agurs,* 427 US 97; 96 S Ct 2392; 49 L Ed 2d 342 (1976), as in this case, the defendant made no request for the information. The Court first stated that "there is 'no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work' ". *Id.,* 109. The Court then found that, where a defendant claims that material information was withheld by the prosecutor, the following standard should be applied to determine if reversible error occurred:

"'* * * [I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt." *Id.,* 112-113. (Footnote omitted.)

The *Agurs* standard was discussed and applied by this Court in *People v Dietrich,* 87 Mich App 116; 274 NW2d 472 (1978). The *Dietrich* prosecutor had not disclosed that some of the prosecution's witnesses had received monetary awards in connection with the testimony they gave in the case. The Court stated that a prosecutor is obligated to

present the trier of fact not only with incriminating evidence against the defendant but also with any material evidence exculpating the defendant, and such duty to disclose also extends to material impeaching information. However, the Court found that the prosecutor had not violated his duty because none of the witnesses knew of the possibility of receiving rewards before testifying. The Court went on to find that, considering all of the evidence in the case and even if the omitted information had been introduced, it would not have raised a reasonable doubt as to defendant's guilt that did not otherwise exist. Any possible error was harmless.

In the instant case, defendant argues that the prosecutor had an obligation to disclose that the complainant had not mentioned the tear in her sweater in her interviews with Officer Wittman or Detective Cook and that Cook had not observed a tear in the sweater when it was shown to him by the complainant. Defendant argues such information could have been used to challenge the complainant's credibility. The prosecutor argues that there was no concealment by the prosecutor. The existence of the torn sweater was brought out at trial, and defense counsel was free to cross-examine the complainant to ascertain why she had not mentioned the torn sweater to the investigating officers.

The police report shows that the complainant stated that she was wearing a sweater. The fact that she testified at trial that it was torn did not necessarily create an inconsistency with the statement that she gave to the police. It is questionable whether such information would have had any bearing on the complainant's credibility. Even if the omitted information had been introduced, it

would not have raised a reasonable doubt about defendant's guilt that did not otherwise exist. Any possible error from the prosecutor's neglect to disclose the complainant's failure to mention to the police officers that her sweater had been torn was harmless.

Defendant also contends that error occurred when the prosecutor failed to disclose that the complainant had told Officer Wittman that she was hitchhiking from her place of employment rather than from Jackson, Michigan. Defendant again contends that such information could have been used at trial to impeach the complainant's credibility.

There is nothing in Officer Wittman's police report to indicate that the complainant made any statement as to where she was hitchhiking from. The report merely states that she was hitchhiking at Jolly and Washington. Defendant's appellate counsel obtained a statement from Officer Wittman after trial in which Wittman recalled that the complainant stated that she was hitchhiking from her place of employment. The same information could have been obtained through cross-examination of Officer Wittman at trial or through discovery. There is nothing to indicate that the prosecutor could have known that the complainant made such a statement to Wittman. No error occurred with respect to the prosecutor's failure to disclose such information, which was not in his possession.

Defendant further contends that error occurred when the prosecutor failed to disclose several other inconsistencies between the complainant's statements to Officer Wittman and the complainant's trial testimony. Defendant contends that prior to trial, the complainant told Wittman that

defendant drove the car all over both lanes of Jolly Road, that defendant drove as fast as 60 mph, that defendant called her a slut and several other things.

Those statements, made by the complainant immediately after the offense occurred, were not necessarily inconsistent with her trial testimony. The information was not elicited. This Court finds no error due to the prosecutor's failure to disclose the complainant's statements to Officer Wittman. All such statements were contained in Wittman's police report, a copy of which could have been obtained by defendant through discovery. This information could have been obtained through cross-examination of Officer Wittman at trial.

None of the information which defendant contends was omitted constituted a violation of due process under the *Agurs* standard. The omitted information, even if introduced, would not have raised a reasonable doubt about defendant's guilt which did not otherwise exist. Any possible error was harmless. Defendant's conviction will not be reversed on the basis of this issue.

## VI

Defendant argues that statements which defendant made to the investigating officer in this case were inadmissible at trial because they were obtained in violation of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). *Miranda* warnings must be given once an investigation has focused on a particular suspect, even if the suspect is not in custody. *People v Benjamin,* 101 Mich App 637, 647; 300 NW2d 661 (1980), *People v Brannan,* 406 Mich 104, 118; 276 NW2d 14 (1979).

Regardless of whether defendant's statements were obtained in violation of *Miranda*, the admission of such statements was harmless beyond a reasonable doubt. The only statements that defendant made to the investigating officer, who interviewed him at his place of employment, were that he owned the vehicle identified by the complainant and that he did not wish to have the police take his picture as part of their investigation. It cannot be said that the introduction of such statements contributed to defendant's conviction. Evidence of defendant's statements was cumulative. Defendant testified that he owned a maroon Ford Fairmont, which was the type of car in question. Defense counsel stipulated on the record that defendant had picked the complainant up on the day in question, when she was hitchhiking. Nor did the police officer's testimony that defendant "did not want his picture downtown" cause reversible error. Such testimony is not prejudicial because it was not inculpatory and had no bearing on defendant's guilt or innocence. Defendant's conviction will not be reversed on this claim of error.

## VII

Defendant argues that his conviction should be reversed because he received ineffective assistance of counsel at trial. The Supreme Court set forth the test for determining whether a defendant has been deprived of his constitutional right to effective assistance of counsel in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). The standard requires that defense counsel perform at least as well as a lawyer of ordinary skill and training in the criminal law. If the attorney's action, that appears erroneous from hindsight, was taken for reasons that would appear sound to a competent

criminal attorney, the assistance of counsel has not been constitutionally defective. However, even if this constitutional minimum for effective assistance of counsel is met, a defendant also has a right to a fair trial. If the attorney makes a serious mistake but for which a defendant might reasonably have been acquitted, a new trial is necessary. *Id.,* 265-266. See, also, *People v Jones,* 106 Mich App 429; 308 NW2d 243 (1981).

In this case, defendant makes no claim of a single serious mistake but contends that defense counsel made 12 errors which, when taken together, require a finding that the constitutional standard was not met. This Court disagrees.

After applying the constitutional standard stated in *Garcia* to each allegation of mistake defendant makes in this case, this Court concludes that defendant's claim of error should be rejected. Most of trial counsel's actions of which defendant complains are attributable to trial strategy, which will not give rise to a finding of ineffective assistance when viewed in hindsight. *Jones, supra,* 435-437. Even if this Court accepted defendant's contention that trial counsel committed certain errors, reversal is not required because it cannot be said that, but for the alleged errors, defendant would have had a reasonably likely chance of acquittal.

## VIII

Finally on appeal, defendant argues that the trial court abused its discretion in refusing to grant defendant a new trial on the basis of newly discovered evidence. A new trial may be granted when a party's substantial rights have been mate-

rially affected because of material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial. GCR 1963, 527.1(6). It must be shown that the evidence itself, not merely its materiality, was newly discovered; that it is not cumulative; that it is such as to render a different result probable on a retrial of the cause; and that the party could not with reasonable diligence have discovered and produced it at trial. *People v Clark,* 363 Mich 643, 647; 110 NW2d 638 (1961), *People v Barbara,* 400 Mich 352, 362; 255 NW2d 171 (1977). The grant or denial of a motion for a new trial lies within the sound discretion of the trial court. To establish error, a clear abuse of discretion must be shown. *People v Newhouse,* 104 Mich App 380, 384; 304 NW2d 590 (1981), *lv den* 411 Mich 978 (1981), *People v Howard,* 78 Mich App 592, 598; 261 NW2d 15 (1977).

Applying the well-established law to the facts of this case, this Court finds no such clear abuse of discretion. The evidence of the torn sweater and the inconsistent statements by the complaining witness could have been discovered with due diligence because defendant knew who the witnesses were prior to trial. That evidence is not "newly discovered". In addition, defendant desires to use such evidence solely to impeach the prosecution's witness. Newly discovered evidence is not ground for a new trial where it would be used merely to impeach. *Moldovan v Allis Chalmers Manufacturing Co,* 83 Mich App 373, 385; 268 NW2d 656 (1978), *lv den* 406 Mich 916 (1979), *cert den* 444 US 1034 (1980), *Pociopa v Olson,* 13 Mich App 324, 327; 164 NW2d 413 (1968). With respect to such evidence, the trial court did not abuse its discretion in denying defendant's motion for new trial.

Nor did the court abuse its discretion in denying defendant's motion for new trial based on the alleged newly discovered evidence of the victim's reputation or the results of the polygraph test. While evidence of a lie-detector test may be considered by a trial judge in deciding a motion for new trial, neither the evidence of the lie-detector test nor the reputation evidence would be admissible in a new trial. MCL 750.520j; MSA 28.788(10). *Barbara, supra.* The trial judge stated that he would not be persuaded to grant a new trial merely because defendant obtained favorable results in a lie-detector test. This Court concludes that the trial court did not abuse its discretion in denying defendant's motion for new trial.

Affirmed.