PEOPLE v STRICKLIN

Docket Nos. 82501, 85165. Submitted October 7, 1986, at Lansing. Decided September 8, 1987.

Effie O. Stricklin was found guilty of three counts of first-degree criminal sexual conduct and Richard D. Stricklin was found guilty of two counts of first-degree criminal sexual conduct and one count of attempted first-degree criminal sexual conduct following a jury trial in Saginaw Circuit Court and were sentenced, Joseph R. McDonald, J. Defendants filed separate appeals, which were consolidated.

The Court of Appeals *held:*

1. The trial court erred in allowing three witnesses to bolster the testimony of the victims by corroborating the victims' testimony. Defendants' convictions are reversed and the case is remanded for a new trial.

2. The trial court erred in denying defendants' motion for separate trials. Defendants were prejudiced by the joint trial.

3. The trial court correctly denied Richard Stricklin's motion for a new trial in which it was alleged that the victims' testimony was induced or influenced by inappropriate counselling received during the year prior to trial.

4. Richard Stricklin was not prejudiced by amendment of the information against him.

5. Any variance between the proofs and the information as to

REFERENCES

Am Jur 2d, Criminal Law §§ 178 *et seq.*; 266 *et seq.*; 602.

Am Jur 2d, Evidence §§ 582 *et seq.*

Am Jur 2d, Indictment and Information §§ 171 *et seq.*

Am Jur 2d, New Trial §§ 3 *et seq.*; 15 *et seq.*; 164 *et seq.*; 183 *et seq.*

Am Jur 2d, Rape §§ 16 *et seq.*; 44 *et seq.*

Am Jur 2d, Witnesses §§ 632 *et seq.*

What constitutes "newly discovered evidence" within meaning of Rule 33 of Federal Rules of Criminal Procedure relating to motions for new trial. 44 ALR Fed 13.

Use or admissibility of prior inconsistent statements of witness as substantive evidence of facts to which they relate in criminal case —modern state cases. 30 ALR4th 414.

Comment Note.—Power of court to make or permit amendment of indictment. 17 ALR3d 1181.

when the offenses occurred was harmless and can be corrected during Richard Stricklin's retrial.

6. The trial court correctly found that a statement given by Richard Stricklin was not induced by any promises and the court correctly denied his motion to suppress evidence of the statement.

7. Upon retrial, Richard Stricklin should be permitted to introduce the testimony of a child psychologist to support his claim that a child who has been sexually molested would be likely to fantasize instances of sexual abuse, provided the trial judge is convinced that the appropriate foundation has been established.

Reversed and remanded for new trials.

1. WITNESSES — PRIOR CONSISTENT STATEMENTS — EVIDENCE.

Prior consistent statements of a witness are generally inadmissible except where used to rebut a charge of influence, where there is a question whether a prior inconsistent statement was made, or where used to rebut a charge of recent fabrication or contrivance.

2. CRIMINAL LAW — JOINT TRIALS.

The decision whether codefendants in a criminal case will be tried separately or jointly is within the discretion of the trial judge (MCL 768.5; MSA 28.1028).

3. CRIMINAL LAW — SEPARATE TRIALS.

Codefendants facing separate charges arising out of separate transactions generally should be tried in separate trials.

4. CRIMINAL LAW — MULTIPLE DEFENDANTS — JOINDER OF DISTINCT CHARGES.

Joinder of distinct criminal charges is permitted against two defendants where there is a significant overlapping of issues and evidence, the charges constitute a series of events, and there is a substantial interconnection between the parties defendant, the trial proofs, and the factual and legal bases of the crimes charged.

5. CRIMINAL LAW — JOINT TRIALS — IMPROPER JOINDER.

Improper joining of defendants in a criminal case for trial under separate offenses is not per se error requiring reversal; there must be an affirmative showing of prejudice to the substantial rights of the accused before reversal is required.

6. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — APPEAL.

The grant or denial of a motion for a new trial lies within the

sound discretion of the trial court; the exercise of the trial court's discretion relative to such a motion for new trial will not be overturned on appeal absent a clear showing of abuse of discretion.

7. NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

A new trial may be granted, where a party's substantial rights have been materially affected, because of material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial; it must be shown that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence is not cumulative; (3) it is such as to render a different result probable on a retrial of the cause; and (4) the party could not with reasonable diligence have discovered and produced it at trial.

8. NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence is not ground for a new trial where the evidence would be used merely to impeach.

9. INDICTMENT AND INFORMATION — PRESUMPTIONS.

A criminal information is presumed to be framed with reference to the facts disclosed at the preliminary examination.

10. INDICTMENT AND INFORMATION — AMENDMENT — PREJUDICE.

A trial court may amend the information at any time before, during, or after trial in order to cure a variance between the information and the proofs as long as the accused is not prejudiced by the amendment and the amendment does not charge a new crime; prejudice occurs when the defendant does not admit guilt and is not given a chance to defend against the crime.

11. RAPE — CRIMINAL SEXUAL CONDUCT — CHILD VICTIM — TIME OF OFFENSE.

The time of the offense is not of the essence nor a material element in a criminal sexual conduct case where the victim is a child.

12. EVIDENCE — *WALKER* HEARINGS — APPEAL.

An appellate court will examine the entire record and reach an independent determination of voluntariness when reviewing a trial court's ruling in a *Walker* hearing; the decision is to be affirmed, absent a definite and firm conviction that the trial court erred; the appellate court should defer to the trial court's findings if there is conflicting evidence and the determination of voluntariness is largely dependent upon the credibility of the witnesses.

13. Witnesses — Expert Witnesses — Sexually Abused Children.
An expert witness cannot be used as a human lie detector to give a stamp of scientific legitimacy to the truth of a witness' statement, but can testify as to the traits or characteristics of sexually abused children if such testimony will assist the jury in understanding the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Walter Martin, Jr.,* Special Prosecutor, for the people.

*James Edward Jacobs,* for Richard Stricklin.

*Sammie L. Shank,* for Effie Stricklin.

Before: R. M. Maher, P.J., and D. E. Holbrook, Jr., and M. R. Stempien,* JJ.

M. R. Stempien, J. In July, 1984, a jury found Effie Orilla Stricklin guilty of three counts of criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), and Richard David Stricklin, Sr., guilty of two counts of criminal sexual conduct in the first degree and one count of attempted criminal sexual conduct in the first degree, MCL 750.92; MSA 28.287. Effie Stricklin was sentenced to three concurrent sentences of ten to twenty years imprisonment. Richard Stricklin was sentenced to two concurrent sentences of ten to twenty years imprisonment on the first-degree csc convictions and three to five years imprisonment on the attempted first-degree csc convictions. Defendants appeal as of right from their convictions. The defendants were tried jointly, but filed separate appeals. We consolidated their appeals for purposes of oral argument and submission.

Defendants were convicted for engaging in various sexual acts with two of their five children, a male child, age eight, and a female child, age nine.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

The acts were alleged to have occurred between May and July of 1983. Effie Stricklin is the natural mother of the children; Richard Stricklin is their stepfather.

I

The trial court permitted three witnesses, a baby-sitter, Terry Kutsch, a Department of Social Services caseworker, Timothy Shaner, and a police officer, Detective Ray Kauer, to testify regarding conversations each had with the children wherein the children described engaging in sexual acts with defendants. Richard Stricklin objected to the hearsay statements of Kutsch, Effie Stricklin objected to the hearsay statements of Shaner, and both defendants objected to the hearsay statements of Kauer. The trial judge recognized that the "tender years" exception was inapplicable. Nonetheless, he overruled the objections, stating that it was his practice to allow police officers and other investigators to recite for the jury what witnesses had told them at earlier stages of the investigation in order to allow the jury to fully evaluate the credibility of the witnesses. Both defendants claim that the trial court's ruling resulted in error.

Prior consistent statements of a witness are generally not admissible as substantive evidence. *Brown v Pointer,* 390 Mich 346, 351; 212 NW2d 201 (1973). There are three exceptions to this rule: (1) where a statement is used to rebut a charge of influence, (2) where there is a question whether a prior inconsistent statement was made, and (3) where a witness has been impeached with a charge of recent fabrication. *People v Davis,* 106 Mich App 351, 355; 308 NW2d 206 (1981). We find that none of the exceptions apply in this case.

The first exception was explained in *People v Gardineer,* 2 Mich App 337, 340; 139 NW2d 890 (1966):

> "A consistent statement, at a *time prior* to the existence of a fact said to indicate bias, interest, or corruption, will effectively explain away the force of the impeaching evidence; because it is thus made to appear that the statement in the form now uttered was independent of the discrediting influence. The former statements are therefore admissible." 4 Wigmore on Evidence (3d ed), § 1128, p 203. [Emphasis in the original.]

There were numerous attempts made during cross-examination of the children to impeach the testimony with charges of influence. Both children were questioned concerning possible influence by Terry Kutsch, their baby-sitter. The male child was also challenged about possible influence from Shaner and Kauer. Finally, the female child was questioned concerning possible influence from Wally Richards, who prior to trial had claimed that he was her father and had instituted custody proceedings. However, the consistent statements admitted at trial were not made prior to the existence of the alleged influences on the children.

The second exception only applies where a witness is impeached with evidence of a prior inconsistent statement and the witness denies making the prior statement. *People v Hallaway,* 389 Mich 265, 277; 205 NW2d 451 (1973). Both children were also impeached with certain inconsistencies between their testimony at the preliminary examination and their trial testimony. The inconsistencies, however, involved areas other than their statements regarding sexual acts with the defendants.

The third exception has been explained as follows:

> The charge of recent contrivance is usually made, not so much by affirmative evidence, as by negative evidence that the witness did *not* speak of the matter before, at a time when it would have been natural to speak; his silence then is urged as inconsistent with his utterances now, i.e., as a self-contradiction (§ 1042 *supra*). The effect of the evidence of consistent statements is that the supposed fact of not speaking formerly, from which we are to infer a recent contrivance of the story, is disposed of by denying it to be a fact, inasmuch as the witness did speak and tell the same story . . . . [4 Wigmore, Evidence (Chadbourn rev), § 1129, pp 270-272. Emphasis in the original.]

This exception is inapplicable as there was no claim that the children had opportunities to speak previously and failed to do so.

We also do not find that the error in admitting the corroborating testimony was harmless.

The male child testified to having engaged in a variety of sexual acts with his mother and his sister. He denied that his sister had taught him the sexual acts. The female child testified to having engaged in a variety of sexual acts with her stepfather. She admitted that she had been sexually molested by her grandmother's boyfriend. It was later revealed that criminal charges had been brought against the boyfriend in 1978. However, she too denied having taught her brother any sexual acts. Defendants claimed that the children had been sexually promiscuous following the female child's sexual molestation and had been caught engaging in sexual activities with each other and neighbor children. Both defendants further claimed that the children were sexually aggressive towards themselves and other adults. Given the conflicting testimony, the credibility of the witnesses was crucial to the jury's verdict. Under such circumstances, we find that it was

error requiring reversal to bolster the testimony of the children by allowing three witnesses to corroborate their testimony. See *People v Gee,* 406 Mich 279, 283; 278 NW2d 304 (1979). Defendants' convictions are reversed and the case remanded for a new trial.

Even though disposition of this issue requires reversal of defendants' convictions, defendants' remaining claims of error will be addressed since they may arise on retrial.

II

Defendants also claim that the trial court erred in denying their motion for separate trials. We agree.

The decision whether codefendants will be tried separately or jointly is in the discretion of the trial judge. MCL 768.5; MSA 28.1028; *People v Missouri,* 100 Mich App 310, 348; 299 NW2d 346 (1980). Generally, codefendants facing separate charges arising out of separate transactions should be tried in separate trials. Cf. *People v Billingslea,* 70 Mich App 371; 246 NW2d 4 (1976), lv den 398 Mich 808 (1976). However, joinder of distinct criminal charges is permitted against two defendants where (1) there is a significant overlapping of issues and evidence, (2) the charges constitute a series of events, and (3) there is a substantial interconnection between the parties defendant, the trial proofs, and the factual and legal bases of the crimes charged. *People v Ritchie,* 85 Mich App 463; 271 NW2d 276 (1978); *People v Slate,* 73 Mich App 126, 132; 250 NW2d 572 (1977). Moreover, the improper joining of defendants for trial for separate offenses is not per se error requiring reversal. There must be an affirmative showing of prejudice to the substantial rights of the accused. *Missouri,* 100 Mich App 348-349.

There were no allegations of joint criminal activity in this case. The allegations against Effie Stricklin involve sexual activities with her son. The allegations against Richard Stricklin involve sexual activity with his stepdaughter. The factual and legal issues were similar. However, the testimony of one victim bolstered the testimony of the other. While the trial court instructed the jury that each defendant was entitled to separate consideration of his or her guilt, defendants were prejudiced by the joint trial.

### III

Following their convictions, defendants filed separate motions for new trials. Defendants allege that the children's testimony was induced or influenced by the inappropriate counselling they received during their weekly visits to counsellors in the year prior to trial. In support of Richard Stricklin's motion for a new trial, a licensed clinical psychologist testified that the children's memories were altered as a result of their counselling. The trial court denied defendants' motions, finding that the evidence was not newly discovered and, in any event, would not have affected the jury's verdict because the children's testimony was corroborated by other witnesses.

The grant or denial of a motion for a new trial lies within the sound discretion of the trial court. To establish error, a clear abuse of discretion must be shown. *People v Newhouse,* 104 Mich App 380, 384; 304 NW2d 590 (1981), lv den 411 Mich 978 (1981).

A new trial may be granted when a party's substantial rights have been materially affected because of material evidence, newly discovered,

which could not with reasonable diligence have been discovered and produced at the trial. . . . It must be shown that the evidence itself, not merely its materiality, was newly discovered; that it is not cumulative; that it is such as to render a different result probable on a retrial of the cause; and that the party could not with reasonable diligence have discovered and produced it at trial. . . . The grant or denial of a motion for new trial lies within the sound discretion of the trial court. To establish error, a clear abuse of discretion must be shown. [*People v Snell,* 118 Mich App 750, 766-767; 325 NW2d 563 (1982). Citations omitted.]

In addition, newly discovered evidence is not grounds for a new trial where it would be used merely for impeachment purposes. *Id.*

The trial court correctly denied defendants' motions. The psychologist's testimony would have been used only to impeach the children's testimony. Moreover, the evidence, with reasonable diligence, could have been discovered and produced at trial. Finally, we are not convinced that the evidence would have rendered a different result probable on retrial.

IV

Richard Stricklin was charged with four counts of first-degree criminal sexual conduct. At the preliminary examination, the female child testified that she had performed oral sex on her stepfather and he had attempted vaginal and anal sex on her. There is no testimony that Richard Stricklin had performed oral sex on her. The district court judge bound Richard Stricklin over on two counts of first-degree criminal sexual conduct, reduced Count III to attempted first-degree criminal sexual conduct, and dismissed Count IV. At trial, the female child testified that Richard Stricklin had

performed oral sex on her. The trial court in-structed the jury that Counts I and II of the information were based on the child's having per-formed oral sex on Richard Stricklin and his hav-ing performed oral sex on her. Richard Stricklin did not object.

An information is presumed to be framed with reference to the facts disclosed at the preliminary examination. *People v Reedy,* 151 Mich App 143; 390 NW2d 215 (1986). Consequently, the trial court's instructions to the jury effectively amended the information against Richard Stricklin follow-ing the close of the proofs. Cf. *People v Price,* 126 Mich App 647; 337 NW2d 614 (1983). A trial court may amend the information at any time before, during, or after trial in order to cure a variance between the information and the proofs as long as the accused is not prejudiced by the amendment and the amendment does not charge a new crime. MCL 767.76; MSA 28.1016; *People v White,* 22 Mich App 65, 67; 176 NW2d 723 (1970). Prejudice occurs when the defendant does not admit guilt and is not given a chance to defend against the crime. Cf. *People v Willett,* 110 Mich App 337, 342-344; 313 NW2d 117 (1981), remanded on other grounds 414 Mich 970 (1982).

We find that Richard Stricklin was not preju-diced by the amendment in this case. He was bound over on a charge of first-degree criminal sexual conduct and was convicted of first-degree criminal sexual conduct. While the information was amended to reflect a variance in the type of penetration, defendant was not convicted of a new crime. Nor was defendant deprived of an opportu-nity to defend against the crime. He defended the original charges on the grounds that his step-daughter was promiscuous and sexually aggres-sive. Nothing in the record suggests that he would

have presented a different defense at trial if the charge had originally been first-degree criminal sexual conduct involving oral sex with his step-daughter instead of first-degree criminal sexual conduct involving anal penetration.

v

Richard Stricklin further claims that the information was defective because the proofs indicated that the offenses occurred some time in the summer of 1983 and the information alleged that the offenses occurred between May and June of 1983.

MCL 767.45(2); MSA 28.985(2) provides that an information shall contain the time of the offense as near as may be, but no variance as to time shall be fatal unless time is of the essence of the offense. Time is not of the essence nor a material element in a criminal sexual conduct case, at least where the victim is a child. *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976); *People v McConnell,* 122 Mich App 208, 212; 332 NW2d 408 (1982), rev'd on other grounds 420 Mich 852 (1984); *People v Bowyer,* 108 Mich App 517; 310 NW2d 445 (1981).

A review of the trial testimony reveals the sexual acts occurred between early June, 1983, and August 5, 1983, while Richard Stricklin's family resided in a duplex on Oakley Street in Saginaw. Tim Shaner testified that the Stricklins resided at the Oakley residence when he interviewed Richard Stricklin on August 5, 1983. Defendant stated that his family moved to Oakley Street in early June of 1983. The female child testified that the sexual acts occurred while she lived in the white house that was "split in half-like." Terry Kutsch baby-sat for defendants while they lived on Oakley Street, next to her aunt. When considered together, this evidence establishes that the offense

occurred between June and August 5, 1983, while the female child resided with her parents on Oakley Street. Consequently, if there was any variance between the information and the trial proofs, it occurred only with respect to the first five days of August, 1983. As time is not of the essence in criminal sexual conduct cases, the variance, if it existed, was harmless. Moreover, any variance can be corrected during defendant's retrial.

VI

At trial, Richard Stricklin's recorded statement to Detective Ray Kauer was played to the jury. Prior to trial, a *Walker*[1] hearing was held to determine the voluntariness of the statement. Richard Stricklin claimed that he was induced to give the statement upon Detective Kauer's representation that if a statement was given, the matter might be closed and the children returned to the defendants. The trial court found that Richard Stricklin's statement was not induced by any promises and denied the motion to suppress. We affirm.

When reviewing the findings of a trial court made during a *Walker* hearing, we are required to examine the whole record and make an independent determination of the voluntariness of a defendant's statement. *People v Robinson,* 386 Mich 551, 557; 194 NW2d 709 (1972). However, we must affirm the trial court's findings unless we are left with the firm and definite conviction that a mistake has been made. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974). The voluntariness of a defendant's confession is a question of fact which is decided by viewing the totality of the

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

circumstances surrounding the confession. *People v Crawford,* 89 Mich App 30, 32; 279 NW2d 560 (1979). If the determination of voluntariness is largely dependent on the credibility of witnesses, the appellate court should defer to the trial court's findings. *People v Catey,* 135 Mich App 714, 721; 356 NW2d 241 (1984), lv den 422 Mich 940 (1985).

At the *Walker* hearing, Effie Stricklin concurred with her husband's claim that Detective Kauer made certain representations concerning the children's return to defendants. She was aware, however, that the statement could be used in court. Richard Stricklin's attorney, Peter Shek, was present during defendant's statement. He read defendant his *Miranda*[2] rights and both he and defendant signed the *Miranda* form. According to Shek, Detective Kauer merely stated that if the statement was given there was a chance that the criminal aspect of the case would be resolved. Shek did not assure Richard Stricklin that the criminal charges would be dropped merely because a statement was given. Shek further testified that his clients were "quite well aware" that their statements could be used in a court. In addition, Detective Kauer's statement that "we want to get your kids back and everything right in this matter" was made at the end of the recorded statement. Under the circumstances of the case, we are not left with a definite and firm belief that Richard Stricklin's statement was induced by any promises.

## VII

Richard Stricklin's final claim on appeal is that

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

the trial court erred in barring the testimony of his expert witness.

At trial, Richard Stricklin sought to admit the deposition of a child psychologist to support his claim that a child who has been sexually molested would be likely to fantasize instances of sexual abuse. The trial court excluded the evidence on the basis that the female child's credibility was a matter to be determined by the jury.

MRE 702 provides:

> If the court determines that recognized scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Although an expert cannot be used as a human lie detector to give a stamp of scientific legitimacy to the truth of the witness' statement, *People v Izzo,* 90 Mich App 727, 730; 282 NW2d 10 (1979), an expert can testify as to the traits or characteristics of sexually abused children if such testimony will assist the jury in understanding the evidence. *People v Draper,* 150 Mich App 481, 487-488; 389 NW2d 89 (1986). Assuming that the psychologist's testimony would have been based on his knowledge of child development and not on an evaluation of the female child's credibility, it cannot be said that he would have usurped the jury's responsibility for determining credibility. *In re Rinesmith,* 144 Mich App 475, 482; 376 NW2d 139 (1985). Upon retrial, Richard Stricklin should be permitted to introduce the expert's testimony, provided the trial judge is convinced that the appropriate foundation has been established.

Reversed and remanded for new trials.