PEOPLE v BRADSHAW

Docket No. 85377. Submitted November 17, 1987, at Lansing. Decided January 19, 1988.

Anthony C. Bradshaw was convicted of first-degree criminal sexual conduct following a retrial before a jury in Genesee Circuit Court, Harry P. Newblatt, J. Defendant appealed, claiming, inter alia, error in the trial court's denial of a motion for a new trial.

The Court of Appeals *held:*

1. The jury's verdict was not against the great weight of the evidence presented at trial.

2. The trial court did not abuse its discretion in ruling that defendant was not entitled to a new trial based on a claim of newly discovered evidence purportedly showing that the complainant had consented to sexual intercourse with defendant. With the use of reasonable diligence, the claimed newly discovered evidence could have been discovered and produced at defendant's trial and retrial. Furthermore, newly discovered evidence is not a ground for a new trial where, as here, it would be used merely for impeachment purposes.

3. The trial court did not abuse its discretion in allowing the impeachment of defendant through use of evidence of his prior convictions. The doctrine of law of the case cannot be applied in the manner contended by defendant. The court at retrial was not bound by the first trial court's ruling on the use of evidence of defendant's prior convictions.

Affirmed.

REFERENCES

Am Jur 2d, New Trial §§ 137 *et seq.*; 164 *et seq.*; 212-217.

What constitutes "newly discovered evidence" within meaning of Rule 33 of Federal Rules of Criminal Procedure relating to motions for new trial. 44 ALR Fed 13.

Perjury or wilfully false testimony of expert witness as basis for new trial on ground of newly discovered evidence. 38 ALR 3d 812.

Facts or evidence forgotten at trial as newly discovered evidence which will warrant grant of new trial in criminal case. 92 ALR 2d 992.

New trial in criminal case because of newly discovered evidence as to santiy of prosecution witness. 49 ALR 2d 1247.

1. CRIMINAL LAW — APPEAL — WEIGHT OF EVIDENCE.

   A claim that the verdict is against the great weight of the evidence can be raised only in a motion for a new trial; an appellate court will reverse a conviction on this issue only where there was an abuse of discretion in denying the motion for a new trial; that is, where the denial was manifestly against the clear weight of the evidence.

2. CRIMINAL LAW — NEW TRIAL — APPEAL.

   The decision to grant or deny a motion for a new trial is a matter of discretion for the trial court and will not be overturned on appeal absent a clear abuse of discretion.

3. CRIMINAL LAW — NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

   A trial court may grant a motion for a new trial on the basis of newly discovered evidence where: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) including the new evidence upon retrial would probably cause a different result; and (4) the party could not, using reasonable diligence, have discovered and produced the evidence at trial.

4. CRIMINAL LAW — NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

   Newly discovered evidence is not a ground for a new trial where the evidence would be used merely to impeach.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Michael J. Breczinski,* for defendant.

Before: M. J. KELLY, P.J., and G. R. McDONALD and J. D. PAYANT,* JJ.

M. J. KELLY, P.J. After trial ended with a deadlocked jury, defendant and codefendant Derrick Sims (who is not a party to this appeal) were retried and convicted of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Defendant's subsequent motion for a new trial, based on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

his claim of newly discovered evidence, was denied and defendant was sentenced to eight to twelve years imprisonment. He appeals as of right. We affirm.

On the evening of March 12, 1983, complainant and three friends were at the Sahara Club in Flint, Michigan. When the four women decided to leave at approximately 1:20 A.M., complainant spotted a friend, codefendant Derrick Sims, parked nearby. Sims was in defendant's car. Complainant asked Sims to drive her home. However, Sims first drove to defendant's house where defendant and Rita Reeves met them and the four then drove to Reeves' house. Reeves departed, leaving complainant alone in the car with Sims and defendant. The next stop was a 7-Eleven convenience store. While parked in the store lot, the three discussed taking a trip to Detroit.

Subsequently, the three drove to Sims' house. Complainant had been to the house before. An old boyfriend, Ricky Larkin, had previously lived there with Sims. Sims said he was expecting a phone call and he asked defendant and complainant to come into the house while he waited for the call.

While in the house, the complainant testified that Sims approached her and told her he wanted to make love to her. Complainant resisted Sims, but he grabbed her and forced her into his bedroom. Defendant joined them and defendant and Sims attempted to take complainant's clothes off. During the struggle complainant managed to run into the living room; however, at that point she was grabbed by the neck and thrown onto a couch. Defendant and Sims proceeded to strip complainant and force intercourse on her. Complainant also claimed that defendant had anal intercourse with

her. Complainant was allowed to dress and she then walked home.

After she arrived home, complainant told her mother about the incident and her mother called the police. Complainant was taken to the Hurley Medical Center, where a complete physical and pelvic examination were performed. Based on his examination of complainant, noting vaginal abrasions, a contusion and an abrasion on the neck and an abrasion on the inner right elbow, and based on what the complainant told him, the examining physician determined that the complainant had been forcibly raped.

Defendant testified at trial that complainant engaged in consensual intercourse with him. Defendant stated that complainant likewise subsequently engaged in consensual intercourse with Sims.

Defendant's first argument on appeal is that the testimony and evidence supported his claim of consent. On this basis defendant contends his conviction should be reversed because it was against the great weight of the evidence.

"An objection going to the weight of the evidence can be raised only by a motion for a new trial. On appeal, this Court reviews a denial of such a motion for abuse of discretion." *People v Strong,* 143 Mich App 442, 450; 372 NW2d 335 (1985). "An abuse of discretion will be found only where the trial court's denial of the motion was manifestly against the clear weight of the evidence." *People v Ross,* 145 Mich App 483, 494; 378 NW2d 517 (1985).

Here, although defendant did move for a new trial, the basis for his motion was that there was newly discovered evidence, not that the verdict was against the great weight of the evidence. Defendant has therefore failed to preserve this

issue for appeal. In any event, with the testimony of the complainant, the examining physician and the defendant, we find no basis for defendant's claim that the decision of the jury was against the great weight of the evidence.

Defendant's next argument is that the trial court abused its discretion by failing to grant defendant's motion for a new trial based on the newly discovered evidence defendant presented. At the hearing on the motion, defendant's counsel had admitted into evidence the affidavit of Alicia Tyson, complainant's first cousin. In that affidavit Tyson stated that the complainant told her that she voluntarily engaged in sexual intercourse with defendant and codefendant Sims. However, upon being questioned about this statement at the hearing on the motion, Tyson stated that she never discussed the case with the complainant and knew nothing about it. Tyson explained that she signed the affidavit in question without reading it. Subsequently, a second affidavit from Tyson, repudiating the first affidavit, was entered into evidence.

Defense counsel also presented the testimony and the affidavit of Ricky Larkin at the hearing. Larkin's affidavit and testimony were to the effect that he had talked with the complainant about the incident and that complainant had told him that she consented to having sex with defendant and codefendant Sims.

Larkin had been subpoenaed by defendant at defendant's first trial, however, he was not called on to testify. When questioned why he waited 2½ years to come forward with the information, Larkin stated that he did not think it was important.

Defendant claims that, on the basis of the evidence revealed at the hearing on his motion for a new trial, the trial court abused its discretion in not granting his motion. The decision to grant or

deny a motion for a new trial is a matter of discretion for the trial court; error is established only by a clear abuse of discretion. *People v Stricklin,* 162 Mich App 623, 631; 413 NW2d 457 (1987).

For a new trial to be granted on the basis of newly discovered evidence, it must be shown that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) including the new evidence upon retrial would probably cause a different result; and (4) the party could not, using reasonable diligence, have discovered and produced the evidence at trial. See *People v Snell,* 118 Mich App 750, 766-767; 325 NW2d 563 (1982), lv den 417 Mich 1032 (1983); *People v Stricklin, supra.* "In addition, newly discovered evidence is not grounds for a new trial where it would be used merely for impeachment purposes." *Id.* at 632.

With the repudiation of her first affidavit at the hearing on defendant's motion and with the admission of her second affidavit doing likewise, the evidence of Alicia Tyson is a washout. Defendant is therefore left with the evidence submitted by Larkin. However, Larkin was subpoenaed to testify by defendant at defendant's first trial that resulted in a hung jury. Defense counsel did not question Larkin prior to the retrial or the first trial, and for this reason we conclude that defense counsel did not use reasonable diligence and if he had he would likely have discovered Larkin's evidence prior to trial. And, in any event, Larkin's evidence would merely be used for impeachment purposes. For these two reasons we conclude that the trial court did not abuse its discretion in denying defendant's motion for a new trial.

Defendant's final argument is that the trial court abused its discretion by allowing impeachment of defendant by use of his prior convictions.

Defendant was previously convicted of armed robbery, larceny in a building and attempted larceny in a building. The trial court ruled that the two larceny convictions could be used for impeachment purposes. Defendant claims the trial court erred in this ruling. The basis for defendant's claim is his assertion that the trial court was barred by the law of the case doctrine from allowing impeachment of defendant by use of his prior convictions. At the first trial, the trial court had ruled in defendant's favor and did not allow impeachment by use of defendant's prior convictions. Defendant argues that the subsequent trial court was precluded from allowing impeachment through use of defendant's prior convictions since the first trial court had so ruled and the doctrine of law of the case barred the second trial court from making a different ruling.

Defendant's claim, although novel, is without merit. The law of the case doctrine has no application to the situation presented here. The doctrine of law of the case provides that if an appellate court decides a legal question, that question is controlling at all subsequent stages of litigation. See *CAF Investment Co v Saginaw Twp,* 410 Mich 428, 454; 302 NW2d 164 (1981). This doctrine does not require a trial court to follow another trial court's previous evidentiary rulings.

Affirmed.