PEOPLE v ROWEN

Docket No. 51457. Submitted October 6, 1981, at Lansing.—Decided November 3, 1981.

Larry Rowen was convicted by a jury in Oakland Circuit Court of unlawfully driving away an automobile and was sentenced, Gene Schnelz, J. Defendant appeals. *Held:*

1. Defendant's contention that the prosecutor improperly elicited testimony from the arresting officer that defendant had been advised of his *Miranda* rights was not properly preserved for appeal and, even if such error did occur, it would not have been decisive to the outcome of the case.

2. The fact that the jury learned that defendant had been advised of his *Miranda* rights did not impinge on his right to remain silent since he expressly waived his right to remain silent and gave an incriminatory statement.

3. The action of one of the police officers in placing evidence within defendant's view was not an act which would be reasonably likely to elicit an incriminating response and was not, therefore, the functional equivalent of interrogation.

4. Remarks made by the prosecutor in his closing argument did not result in error.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 873.
[2] 29 Am Jur 2d, Evidence § 557.
   75 Am Jur 2d, Trial § 221.
[3] 29 Am Jur 2d, Evidence §§ 529, 549.
[4–6] 21A Am Jur 2d, Criminal Law § 791.
   29 Am Jur 2d, Evidence § 555 *et seq.*
[6] What constitutes "custodial interrogation" within rule of Miranda v Arizona requiring that suspect be informed of his federal constitutional rights before custodial interrogation. 33 ALR3d 565.
   Necessity of informing suspect of rights under privilege of self-incrimination, prior to police interrogation. 10 ALR3d 1054.
[7] 5 Am Jur 2d, Appeal and Error §§ 624, 625.
[8] 75 Am Jur 2d, Trial § 211.

1. CRIMINAL LAW — CONSTITUTIONAL RIGHTS — APPEAL — PRESERVING QUESTION.

Appellate review of an error in a criminal trial involving a constitutional right is precluded where no objection was made to the error at trial unless such error would have been decisive to the outcome of the case.

2. CRIMINAL LAW — MIRANDA WARNINGS — CONFESSIONS.

It is error for a prosecutor to inform the jury that the defendant was given *Miranda* warnings and remained silent; it is not error for the prosecutor to inform the jury that the defendant was advised of his *Miranda* rights where the prosecutor intends to offer a confession or statement made by the defendant.

3. CRIMINAL LAW — STATEMENTS — VOLUNTARINESS — APPEAL.

The Court of Appeals is required to examine the entire record and make an independent determination of voluntariness in an appeal from a trial court's determination of the voluntariness of statements made by the defendant.

4. CRIMINAL LAW — RIGHT TO REMAIN SILENT.

A suspect is free at any time to exercise his right to remain silent and, if such right is asserted, all interrogation must cease.

5. CRIMINAL LAW — MIRANDA WARNINGS — VOLUNTARY STATEMENTS.

Spontaneous, volunteered statements by an in-custody suspect do not fall within the purview of *Miranda* and are admissible at trial.

6. CRIMINAL LAW — MIRANDA WARNINGS — INTERROGATIONS OF SUSPECTS IN CUSTODY.

*Miranda* safeguards should be observed whenever a person in custody is subjected to express questioning by the police or to any words or actions on the part of the police that the police should know are reasonably likely to elicit an incriminating response from the suspect.

7. PROSECUTING ATTORNEYS — PROSECUTOR'S COMMENTS — PRESERVING QUESTION.

Failure to object during trial to allegedly prejudicial remarks made by the prosecutor precludes appellate review on that issue unless a miscarriage of justice would result.

8. PROSECUTING ATTORNEYS — CLOSING ARGUMENT — PROSECUTOR'S COMMENTS.

A prosecutor may comment upon the evidence and draw reasonable inferences therefrom in his closing argument.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol,* Assistant Prosecuting Attorney, for the people.

*Lawrence G. Kaluzny,* for defendant on appeal.

Before: ALLEN, P.J., and M. J. KELLY and J. J. KELLEY,* JJ.

PER CURIAM. Following a four-day trial ending December 4, 1979, defendant was convicted by a jury of unlawfully driving away an automobile, MCL 750.413; MSA 28.645. Sentenced to a term of from 2 to 5 years in prison with credit for 16 days previously served, defendant appeals as of right.

Defendant first argues that the prosecutor improperly elicited testimony from the arresting officer, James Lyttle, that defendant had been advised of his *Miranda* rights. However, since defense counsel did not object to Officer Lyttle's remark at trial, this issue is not properly preserved for appeal.

While it has been held that failure to object at trial to an error involving a constitutional right does not necessarily preclude review, *People v Miller,* 49 Mich App 53; 211 NW2d 242 (1973), recent decisions of this Court have held that appellate review is foreclosed unless such error would have been decisive to the outcome of the case. *People v Harris,* 95 Mich App 507; 291 NW2d 97 (1980), *People v Flores,* 92 Mich App 130; 284 NW2d 510 (1979). See also *People v Hurd,* 102 Mich App 424; 301 NW2d 881 (1980). We conclude

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that, under either approach, review in the case before us would be foreclosed.

The record discloses that, after defendant was placed under arrest, he was placed in Lyttle's automobile while another officer searched defendant's car. The search revealed a dent puller, a device frequently used in stealing cars. After the device was put in Lyttle's car, defendant volunteered that he had loaned his accomplice $10 to purchase the dent puller. A hearing was held outside the presence of the jury to determine whether defendant's statement was voluntary. Noting that defendant had made that statement after he had been advised of his *Miranda* rights and that Officer Lyttle had not attempted to elicit any statement by defendant, the trial court held the statement admissible.

Although *People v Jablonski,* 38 Mich App 33; 195 NW2d 777 (1972), is authority for the rule that it is error for the prosecution to inform the jury that defendant was given his *Miranda* warnings and remained silent, *Jablonski* also holds that an exception to the rule applies where, as in the instant case, the prosecution intends to offer a confession or statement made by the defendant. *Id.,* 38. Accordingly, in the instant case, the fact that the jury learned that defendant had been advised of his *Miranda* rights did not impinge on defendant's right to remain silent. As in *People v Gerald Wells,* 102 Mich App 558, 564; 302 NW2d 232 (1980), defendant, after being given his *Miranda* warnings, expressly waived his right to remain silent and gave an incriminatory statement. The *Wells* Court held that under such circumstances no error occurred when the jury was informed that defendant had been given *Miranda* warnings.

Defendant next challenges the admission into evidence of his statement that he gave $10 to his accomplice to purchase the dent puller. Defendant claims the statement was not voluntary but was the product of subtle coercion exercised by the police when the dent puller was placed in the officer's car where it could be seen by defendant. On appeal from a trial court's determination of voluntariness, this Court is required to examine the entire record and make an independent determination of voluntariness. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), *People v Carl Johnson,* 99 Mich App 547; 297 NW2d 713 (1980).

Under *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966), a suspect is free at any time to exercise his right to remain silent and if such right is asserted, all interrogation must cease. However, spontaneous, volunteered statements by an in-custody suspect do not fall within the purview of *Miranda* and are admissible at trial. *People v Terry,* 86 Mich App 64, 67-68; 272 NW2d 198 (1978), *People v Nard,* 78 Mich App 365; 260 NW2d 98 (1977). Therefore, it must be determined whether the officer's action of placing incriminating evidence within defendant's view was improper and amounted to the functional equivalent of interrogation.

In *Rhode Island v Innis,* 446 US 291; 100 S Ct 1682; 64 L Ed 2d 297 (1980), the Supreme Court addressed the issue of what constitutes "interrogation" under *Miranda.* The Court held:

"We conclude that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those

normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police. This focus reflects the fact that the *Miranda* safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police. A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation. But, since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." *Id.*, 300-302. (Emphasis in original; footnotes omitted.)

In *People v Benjamin,* 101 Mich App 637; 300 NW2d 661 (1980), a panel of this Court, citing *Rhode Island v Innis, supra,* held that a deputy sheriff's act of displaying incriminating evidence (knives) to a defendant was not the functional equivalent of an interrogation and that the defendant's statement explaining the presence of the knives was admissible even though not preceded by *Miranda* warnings. The Court stated:

"Turning to the facts of the instant case, we likewise conclude that the deputy's isolated act of holding up the knives in front of defendant was *not* a practice which the officer should have known would be reasonably likely to elicit an incriminating response. Defendant's response was an unforeseeable result of the brief, unembellished gesture of deputy Purucker. This is particularly true since the response related to an offense other than that which the officer was investigating. Thus, his act was not the functional equivalent of interrogation, and defendant's spontaneous declaration was admissible

into evidence." *Id.,* 649. (Emphasis in original; footnote omitted.)

In the case at bar, we conclude that the officer's action of placing the evidence within defendant's view was not an act which would be reasonably likely to elicit an incriminating response. This is especially so since defendant had been informed of his *Miranda* rights before making his admission. We find that defendant's declaration was spontaneous and admissible.

Finally, defendant argues that the prosecutor's remarks in closing argument were reversibly erroneous. In the course of explaining the presumption of innocence, the prosecutor noted that Jack Ruby had the same presumption of innocence as defendant even though he shot Lee Harvey Oswald on television in front of millions of people. Defendant contends that this remark was prejudicial and denied defendant a fair trial. However, defendant did not object to the statements at trial or request any curative intructions. Therefore, appellate review is foreclosed absent manifest injustice. *People v Hooks,* 101 Mich App 673; 300 NW2d 677 (1980). Since we conclude that a timely cautionary instruction would have cured any prejudice, we find that the issue is not properly before this Court. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977), *People v Sherman Hall,* 77 Mich App 456; 258 NW2d 517 (1977).

Moreover, we do not find the prosecutor's remarks improper in the context in which they were made. In closing argument, a prosecutor may comment upon the evidence and draw reasonable inferences therefrom. *Duncan, supra, People v Blake,* 58 Mich App 685; 228 NW2d 519 (1975). Here, the prosecutor's remark that Jack Ruby, as well as defendant, was entitled to a presumption of

innocence may be viewed as a comment on the strength of the prosecutor's case. Since this remark was followed by a review of the evidence produced against defendant at trial, the prosecutor's remarks did not result in error.

Affirmed.