PEOPLE v KELLEY

Docket No. 75969. Submitted December 18, 1984, at Lansing.—Decided March 11, 1985.

Lamar Kelley was convicted of first-degree and second-degree criminal sexual conduct, Washtenaw Circuit Court, Patrick J. Conlin, J. Defendant appealed, alleging that he was denied a fair trial because of comments made by the prosecutor in closing argument, referring to a Chicago man who assaulted and killed several boys. *Held:*

Although the prosecutor's comments were primarily directed at the credibility of the defense witnesses rather than at defendant's guilt, on the facts of this case the prejudicial implications of the comments were not sufficiently mitigated. Defendant was denied a fair trial.

Reversed and remanded.

C<small>RIMINAL</small> L<small>AW</small> — P<small>ROSECUTOR'S</small> C<small>OMMENTS</small> — P<small>REJUDICE</small>.

Comments made by a prosecutor during argument must be examined in the context in which they were made; comments which, standing alone, might be deemed improper may nevertheless not require reversal where the comments were responsive in nature or where any unduly prejudicial effect could have been eliminated by a timely objection and a request for a curative instruction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Jane M. Thurston,* for defendant on appeal.

Before: W<small>AHLS</small>, P.J., and D. E. H<small>OLBROOK</small>, J<small>R</small>., and C. A. W<small>ICKENS</small>,* JJ.

R<small>EFERENCE FOR</small> P<small>OINTS IN</small> H<small>EADNOTE</small>

76 Am Jur 2d, Trial § 189 *et seq.*

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Defendant was jury convicted of criminal sexual conduct in the first degree, MCL 750.520b(1); MSA 28.788(2)(1), and criminal sexual conduct in the second degree, MCL 750.520c(1); MSA 28.788(3)(1). Sentenced to concurrent prison terms of from 2 to 20 years and 2 to 15 years respectively, defendant appeals as of right.

Defendant's sole contention on appeal is that he was denied a fair trial because of prosecutorial comments in closing argument.[1] We agree and, accordingly, reverse and remand for a new trial.

Allegedly improper comments by the prosecutor must be examined in the context in which they were made. *People v Duncan,* 402 Mich 1, 16; 260 NW2d 58 (1977) (Opinion of Ryan, J.). Comments which, standing alone, could be seen as improper may not constitute error requiring reversal because of their responsive nature or because any unduly prejudicial effect could have been eliminated by a timely objection and request for a

---

[1] "*Mr. David Lady [Prosecutor]:* The defendant has presented, as I told you, his so-called character witnesses. Now, by saying 'so-called', I don't mean to disparage them at all. I'm sure they're very nice people, well meaning, but you've got to look at who they are in deciding how much weight to give their testimony.

"One is the defendant's girlfriend, lady friend. Everyone admits that. The other is a good friend of his and his girlfriend. They obviously think highly of the defendant. Well, that's good, but the mere fact that they think highly of him does not mean that he didn't commit this act.

"You may remember a few years ago in Chicago there was a man who many people thought very highly of. Everyone in the neighborhood * * * thought he was a great guy.

"*Mr Fell [Defense Counsel]:* * * * I would object to any kind of comparison between the facts of a case in another county or state, even in the way of argument.

"*The Court:* Objection overruled.

"*Mr. Lady:* Thank you.

"You may recall hearing the facts of this case from Chicago, that the man's name was John Wayne Gacey, that everybody thought he was a very nice man. It's only when they started digging up all the bodies from the house that they realized it was a problem. People don't always see someone's true nature. It's only when evidence comes out that they see that."

curative instruction, *Id.,* pp 16-17. In this case, we note that defense counsel did object but that the objection was overruled.

Standing alone, the prosecutor's reference to John Wayne Gacey, the Chicago man who murdered more than a few boys after perpetrating homosexual assaults on them, clearly is prejudicial and improper. Nevertheless, the people argue that, in context, the comments were well within permissible bounds because the prosecutor was both responding to a matter first raised by defense counsel and was commenting on the strength of his case. We agree with the people's assertion that the prosecutor's comments were primarily directed at the credibility of the defense witnesses, rather than at defendant's guilt. See *People v Foster,* 77 Mich App 604, 612; 259 NW2d 153 (1977), *lv den* 406 Mich 888 (1979). However, we cannot agree on the facts of this case that the prejudicial implications of the comments were thus sufficiently mitigated so as not to deprive defendant of a fair trial. The people rely on *People v Jerry Smith* [2] and *People v Rowen,*[3] cases in which this Court held that prosecutorial references to Charles Manson and Jack Ruby were not error. The instant case is distinguishable because here there is a much greater likelihood that the jury would compare defendant's character with Gacey's. This is true because the prosecutor's commentary on the character witnesses' testimony directly implicated defendant's own character; furthermore, the comparison between defendant's alleged criminal sexual conduct toward an eight-year-old girl and Gacey's sexual assaults on young boys is inescapable.

We do not find the error harmless. The trial was

[2] 122 Mich App 106, 112; 332 NW2d 428 (1982), *rev'd on other grounds* 417 Mich 1100.39 (1983).

[3] 111 Mich App 76, 82-83; 314 NW2d 526 (1981).

essentially a credibility contest between the victim and the other witnesses, including defendant, and there was not overwhelming evidence of defendant's guilt.

Reversed and remanded for a new trial.